OPINION
{¶ 1} Appellant, Carol Ferguson, appeals the June 11, 2002 judgment entry of the Trumbull County Court of Common Pleas, in which the trial court granted the motion for summary judgment of appellee, The Farmers National Bank ("appellee FNB"), and denied the motion for summary judgment of appellant.
 {¶ 2} Edward C. Mahan ("the decedent") died on March 11, 1999. On May 27, 1997, prior to his death, the decedent executed a durable power of attorney in favor of his son, appellee, Frederick C. Mahan ("appellee Mahan"). This power of attorney gave appellee Mahan the right to sell and/or transfer the decedent's real property. On that same date, he also executed his last will and testament. On September 8, 1997, the decedent purchased property located at 5541 State Route 45, in Bristolville, Ohio ("the Bristolville property") for $68,000 from the estate of Lena Mahan.
 {¶ 3} Thereafter, on May 15, 1998, appellee Mahan accepted a purchase agreement from third party defendant-appellee, Enchanted Forest Properties ("appellee EFP"), an Ohio partnership, for the sale of the Bristolville property. The general warranty deed transferring the Bristolville property to appellee EFP was executed on June 24, 1998. On June 25, 1998, defendant Karen M. Beran ("Beran"), one of the decedent's daughters, applied for a guardianship for the decedent alleging that he was incompetent.[1] Appellee Mahan received notice of the application on June 26, 1998, but no notice was sent to appellee EFP, so it was not aware of the application until after the transfer was complete.[2]
 {¶ 4} On July 10, 1998, the general warranty deed transferring ownership of the Bristolville property from the decedent to appellee EFP was filed at the recorder's office. The purchase price of $85,000 was paid to the decedent, which was transferred by appellee Mahan to the guardianship account at a later time. First Federal Savings and Loan Association of Warren financed appellee EFP's purchase of the Bristolville property. On August 18, 1998, the application for guardianship over the decedent was granted as the decedent was adjudged incompetent, and a guardian, Patricia Tompkins, was appointed. Appellant was joined as a party and served with all notices required by law in connection with the guardianship. On March 30, 1999, appellee EFP transferred the Bristolville property to certain buyers, and that transfer was financed by appellee FNB (formerly Security Dollar Bank), who now holds the mortgage.
 {¶ 5} After the decedent's death, his will was admitted to the Trumbull County Probate Court on November 30, 1999. The guardianship for the decedent was terminated on February 14, 2000. On March 14, 2001, William R. Biviano, Administrator W.W.A. to the decedent's estate ("the administrator"), filed a declaratory judgment action in the Trumbull County Court of Common Pleas against the decedent's trust, appellee Mahan, Beran, appellant, and others to determine whether four parcels of real estate belonged to the probate estate of the decedent or whether the land should pass under the decedent's trust.[3] With leave of court, on July 26, 2001, appellant filed an answer, cross-claim, and third-party complaint in which she sought to invalidate the sale and transfer of the Bristolville property because it belonged to the decedent and because the guardianship action occurred before the transfer was complete.
 {¶ 6} On August 9, 2001, appellee Mahan filed a motion to reconsider and vacate the July 26, 2001 judgment, in which the court granted leave for appellant to file her pleadings. That same motion also requested that the trial court strike appellant's answer, cross-claim, and third party complaint. On August 21, 2001, appellee Mahan filed a motion to dismiss appellant's answer, cross-claim, and third party complaint. However, the trial court denied both motions on October 29, 2001.
 {¶ 7} On February 22, 2002, the administrator filed a motion for summary judgment. On that same date, appellant submitted her motion for summary judgment. On March 19, 2002, the trial court denied both the administrator's and appellant's motions for summary judgment. Thereafter on May 1, 2002, a motion for summary judgment was filed by appellee FNB. On that same date, appellant presented a cross-motion for summary judgment. In an entry dated June 11, 2002, the trial court granted the motion for summary judgment filed by appellee FNB, but it denied the motion filed by appellant. As a result, the trial court ordered that appellee EFP and appellee FNB be dismissed as third party defendants. Additionally, in a second judgment entry the trial court concluded that the administrator's exhibits four and five, "which were admitted into evidence without objection, [were] assets of the decedent's estate and not assets of the Edward C. Mahan Revocable Trust." Appellant timely filed the instant appeal and now raises a single assignment of error:
 {¶ 8} "The trial court erred by failing to grant summary judgment in favor of [appellant]."
 {¶ 9} Appellee Mahan filed cross-assignments of error and posits that:
 {¶ 10} "[1.] The trial court erred by when [sic] denying [appellee Mahan's] motion to dismiss[.]
 {¶ 11} "[2.] The trial court erred in denying [appellee Mahan's] motion to strike [appellant's] answer, cross-claim and third party complaint[.]"
 {¶ 12} Under the first assignment of error, appellant claims that the trial court erred in not granting summary judgment in her favor.
 {¶ 13} Summary judgment may be granted where there are no genuine issues as to any material fact, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Mootispawv. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 14} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, that "the moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact on a material element of the nonmovingparty's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 15} Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "* * * we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. In addition, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 16} R.C. 2111.04(D) provides that "[f]rom the service of notice until the hearing, no sale, gift, conveyance, or encumbrance of the property of an alleged incompetent shall be valid as to persons having notice of the proceeding."
 {¶ 17} In the case at bar, appellee Mahan was the attorney in fact for his father, the decedent, which entitled him the right to sell and/or transfer the decedent's real property. On May 15, 1998, appellee Mahan accepted a purchase agreement from appellee EFP for the sale of the Bristolville property. This agreement was signed before appellee Mahan ever received notice of the guardianship. The deed transferring the Bristolville property to appellee EFP was executed on June 24, 1998. On June 25, 1998, Beran applied for a guardianship. However, appellee Mahan did not receive notice of the guardianship application until June 26, 1998, two days after the deed for the Bristolville property was executed.
 {¶ 18} Thus, based on R.C. 2111.04(D), the sale and conveyance of the property of an alleged incompetent was not invalid. Here, the execution of the purchase agreement and deed occurred prior to appellee Mahan receiving notice of the guardianship. Appellee Mahan took no further action to transfer the Bristolville property after he received notice of the application for guardianship. Since the deed was delivered to an escrow agent and signed, the transfer of the property was already in motion. Even though the deed was held in escrow and was not yet delivered to the buyer, it was out of the control of appellee Mahan when appellant filed for the guardianship. Further, the trial court did not grant the guardianship application and appoint a guardian until August 18, 1998, which was over one month after the deed was filed at the recorder's office.
 {¶ 19} Moreover, appellee EFP had no knowledge of the application for guardianship for some time after it had been filed, and thus, would be characterized as a bona fide purchaser. A bona fide purchaser has been defined as one who takes in good faith, for value, and without actual or constructive notice. Wayne Bldg. Loan Co. of Wooster v. Yarborough
(1967), 11 Ohio St.2d 195, 200. Thus, appellee EFP was a bona fide purchaser who did not have any notice of the application for guardianship at the time it took title of the Bristolville property.
 {¶ 20} Additionally, there was a binding sales contract and there was no issue made as to the terms of the contract or anything flowing from it. There was also no showing of infirmity by way of fraud or misrepresentation. Therefore, the creation of a guardianship would not interdict the rights and duties created by a valid and enforceable sales contract. In addition, even though the delivery through escrow had not been completed, there was a right for the delivery to be completed.
 {¶ 21} Likewise, appellant has also failed to identify, pursuant toDresher, those portions of the record that showed the presence of a genuine issue of fact on a material element of the claim. Also, appellant failed to demonstrate that any specific conditional provisions of the escrow contract would have had any interdicting effect on the sale transaction under R.C. 2111.04(D).
 {¶ 22} Furthermore, appellant had the opportunity to challenge the transfer of the Bristolville property by filing exceptions to the guardian's inventory and account. Thus, she is now barred by res judicata from challenging the transfer after the termination of the guardianship. In Peterson v. Camelot Court Dev., Inc. (Nov. 10, 1994), 11th Dist. No. 93-L-155, 1994 WL 757936, at 2, this court construed the doctrine of collateral estoppel as follows: "[t]he collateral estoppel branch of resjudicata, dictates that `(* * *) material facts or questions which were in issue in a former suit, and were there judicially determined by a court of competent jurisdiction, are conclusively settled by a judgment therein so far as concerns the parties to that action (* * *).' Goodsonv. McDonough Power Equip. Inc. (1983), 2 Ohio St.3d 193, 195." (Emphasis sic.)
 {¶ 23} Here, an independent third party was appointed guardian of the decedent. Appellant received notice of all the occurrences during the guardianship proceeding. The issue of what the decedent owned was at issue in the guardianship action. Therefore, if appellant had any objections to the transfer of the Bristolville property, she had an opportunity to raise them at that time. Hence, appellant is estopped from raising that issue.
 {¶ 24} Accordingly, since there are no genuine issues of material fact that remained to be litigated, the trial court did not err in granting the motion of summary judgment of appellee FNB and denying appellant's motion for summary judgment. Appellant's sole assignment of error lacks merit.
 {¶ 25} Turning to appellee Mahan's cross-assignments of error, he alleges that the trial court erred when it denied his motion to dismiss and motion to strike appellant's answer, cross-claim, and third party complaint. However, based on the resolution of appellant's assignment of error, the issues presented in appellee Mahan's cross-assignments of error will be rendered moot pursuant to App.R. 12(A)(1)(c).
 {¶ 26} For the foregoing reasons, appellant's lone assignment of error is not well-taken, and appellee Mahan's cross-assignments of error are rendered moot. Therefore, the judgment of the Trumbull County Court of Common Pleas is affirmed.
Judgment affirmed.
Judith A. Christley and Diane V. Grendell, JJ., concur.
[1] Appellant is also one of the decedent's daughters.
[2] The record is unclear as to when appellee EFP became aware of the guardianship application.
[3] Since the decedent did not own the Bristolville property at the time of his death, it was not included with the other four parcels mentioned in the declaratory action the administrator filed.