OPINION
{¶ 1} Appellants, Sharon Tolla and Carol Ferguson, appeal the judgment entered by the Trumbull County Court of Common Pleas, Probate Division.
 {¶ 2} William R. Biviano, Administrator of the Estate of Edward C. Mahan, did not appeal the judgment of the trial court. Likewise, he has not filed an appellate brief. He did file a "notice of submission" indicating that the Estate was in agreement with appellants' assignments of error and brief.
 {¶ 3} Appellants and appellee, Frederick Mahan, amongst others, are the children of Edward C. Mahan. Edward Mahan died testate in 1999. That year, his will was admitted to probate. Since then, this matter has had a lengthy history in the probate and common pleas courts. Also, there have been prior appeals to this court.[1]
 {¶ 4} The instant proceedings arise out of a hearing held by the trial court on January 23, 2003. Following that hearing, the parties submitted briefs concerning the final allocation of debts and expenses. The trial court distributed various assets to Mahan's children pursuant to his will. In addition, the trial court allocated the debts of the estate. The following provisions are relevant to a determination of this appeal.
 {¶ 5} Prior to his death, Edward Mahan executed a mortgage with Bank One, N.A. ("Bank One"). The parties dispute which property was to be encumbered by this mortgage. The address on the mortgage was 5551 State Route 45. However, the legal description described a 54.5401-acre parcel ("54-acre parcel"). A residence with the address of 1525 Hyde-Shaffer Road is located within the 54-acre parcel. Appellee was devised the property at 5551 State Route 45. He was also devised the 54-acre parcel. However, Appellant Sharon Tolla ("Tolla") was devised the residence at 1525 Hyde-Shaffer Road, which is actually within the 54-acre parcel. Tolla was given the residence and three acres of the 54-acre parcel. The remaining 51.54 acres was given to appellee. The trial court concluded the mortgage applied to the 54-acre parcel and allocated responsibility of the mortgage to Tolla and appellee based on the value of their respective ownership of the property, 50.6 percent to Tolla and 49.4 percent to appellee.
 {¶ 6} Edward Mahan's will attempted to devise certain real property to Appellant Carol Ferguson ("Ferguson") and another daughter, Phyllis Leninger ("Leninger"). However, during settlement negotiations in a prior will-contest action in this matter, it was discovered that this property had already been given to Ferguson and Leninger via an intervivos trust.[2]
The trial court ordered Ferguson and Leninger to pay $1,182.01 to the estate as reimbursement for funds spent by the estate for the maintenance and upkeep of the property prior to the discovery of the intervivos trust.
 {¶ 7} Before addressing appellants' assigned errors, we note that they have not filed a transcript of the January 23, 2003 hearing. Pursuant to App.R. 9(B), it is the appellant's duty to file a transcript with this court. An appellate court is limited to the record before it.[3] In addition, this court has previously held that "[i]f appellant cannot demonstrate the claimed error then we presume the regularity of the trial court proceedings and affirm the judgment."[4]
 {¶ 8} Appellants' first assignment of error is:
 {¶ 9} "The trial court erred by failing to allocate the Bank One, N.A. mortgage indebtedness against the residence of the decedent located at 5551 State Route 45, N.W. in accordance with the intentions of the decedent."
 {¶ 10} Appellants claim the Bank One mortgage should have been applied to the property located at 5551 State Route 45, which was devised solely to appellee, rather than the 54-acre parcel, which was devised to Tolla in part and to appellee in part. The trial court's entry indicates that the address on the mortgage is not the address the mortgage is intended to cover. The entry states that there is no evidence supporting the proposition that the mortgage was intended to apply to a property other than the property under which it was filed, the property devised to Tolla and appellee.
 {¶ 11} Appellants have failed to file a transcript with this court. While the record contains a copy of the mortgage, we do not know with certainty whether this copy is identical to the copy that may have been admitted into evidence at the hearing. Likewise, we do not know what evidence, if any, was presented at the hearing regarding which property the mortgage applied to. Accordingly, appellants are unable to demonstrate their claimed error regarding the allocation of mortgage indebtedness.
 {¶ 12} Appellants' first assignment of error is without merit.
 {¶ 13} Appellants' second assignment of error is:
 {¶ 14} "When the trial court determines the contribution to be paid by each specific devisee and legatee pursuant to Ohio Revised Code Section 2107.54, the trial court must first take into consideration the debts owed by the heir to the estate in determining his equitable share for contribution."
 {¶ 15} Appellants assert appellee commingled his own funds with the funds of the decedent prior to the decedent's death. Appellee claims these issues were previously litigated in other actions, including Biviano v. Edward C. Mahan Trust, and, thus, are barred by the doctrine of res judicata. Appellee's contentions may be meritorious; however, without a proper record before this court, we do not even know whether appellants' claims were raised at the trial court level. Therefore, for the reasons that follow, we overrule appellants' second assignment of error due to the failure to file a transcript, rather than addressing the res judicata issue.
 {¶ 16} Appellants have attached an "exhibit E" to their brief. They contend this document demonstrates expenditures of Edward Mahan's monies by appellee for his personal use. However, this document is not properly before this court and, as such, will not be considered.
 {¶ 17} Finally, appellants cite portions of appellee's testimony in a hearing in April 1999. These portions of transcripts are attached as exhibits to their brief at the trial court level. A review of these exhibits reveals they appear to be photocopies of nonsuccessive pages of a transcript of an April 7, 1999 hearing on "exceptions to inventory" before Judge Swift. The record before this court is devoid of any official transcripts. Therefore, appellants are unable to demonstrate their alleged error.
 {¶ 18} Appellants' second assignment of error is without merit.
 {¶ 19} Appellants' third assignment of error is:
 {¶ 20} "Contribution among specific devisees and specific legatees must be apportioned equitably based upon the gross value of assets received by the heirs."
 {¶ 21} Appellants' third assignment of error essentially reargues the positions argued in the first and second assignments of error. Appellants question whether the trial court's judgment reflected an offset for the amounts appellee owed the estate for the alleged commingling and for the mortgage being applied to the 5551 State Route 45 property instead of the 54-acre parcel. We found the first and second assigned errors without merit due, in part, to appellants' failure to file a transcript. Again, without a transcript, appellants' are unable to demonstrate the claimed error.
 {¶ 22} Appellants' third assignment of error is without merit.
 {¶ 23} Appellants' fourth assignment of error is:
 {¶ 24} "The right of contribution does not apply to non-probate assets and no allocation of debts and expenses shall be made against the beneficiary of an intervivos trust absent the beneficiary being an heir of the estate."
 {¶ 25} The trial court ordered Ferguson and Leninger to pay the estate $1,182.01 each, for expenses the estate paid for the duplex they received. This property was given to Ferguson and Leninger through a trust, however, this fact was not immediately known to the participants or the court as the property was also mentioned in decedent's will. Thus, the estate paid certain expenses for the property prior to the determination that it had been given via the trust.
 {¶ 26} Initially, we note that Leninger did not appeal the judgment of the trial court. In addition, appellants have not demonstrated that they have standing to assert her rights. Thus, we will only address whether the trial court erred in relation to Ferguson.
 {¶ 27} "Unjust enrichment exists when a person `has or retains money or benefits which in justice and equity belong to another.'"[5] Had the estate made payments for the benefit of the duplex, the trial court was permitted to order Ferguson to repay her share of those payments to the estate to prevent unjust enrichment.
 {¶ 28} Again, without a transcript of the proceedings, we do not know what evidence was presented regarding the amounts paid for (or received from) the duplex by the estate. Thus, appellants are unable to demonstrate the trial court erred in its resolution of this matter.
 {¶ 29} Appellants' fourth assignment of error is without merit.
 {¶ 30} The judgment of the trial court is affirmed.
Ford, P.J., Rice, J., concur.
[1] See In re Estate of Mahan (Aug. 31, 2001), 11th Dist. Nos. 2000-T-0110 and 2000-T-0111, 2001 Ohio App. LEXIS 3910;Biviano v. Edward C. Mahan Trust, 11th Dist. No. 2002-T-0089, 2003-Ohio-6699.
[2] See, e.g., In re Estate of Mahan, supra.
[3] See, e.g., State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
[4] State v. Davis (Dec. 4, 1998), 11th Dist. No. 97-P-0111, 1998 Ohio App. LEXIS 5810, at *2, citing Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 19; Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199; Bucary v.Rothrock (July 13, 1990), 11th Dist. No. 89-L-14-046, 1990 Ohio App. LEXIS 2854, at *2-3.
[5] Shore v. Helfrich (June 12, 1992), 6th Dist. No. L-91-173, 1992 Ohio App. LEXIS 3044, at *7-8, quoting Hummel v.Hummel (1938), 133 Ohio St. 520, 528.