JOURNAL ENTRY and OPINION
{¶ 1} In these consolidated proceedings, defendant-appellant, Petro Mart, Inc., appeals from common pleas court decisions (1) granting summary judgment in favor of plaintiff-appellee, Morton Peck, and (2) granting Peck a decree of foreclosure, ordering that the subject property be sold free and clear of Petro Mart's lease. Petro Mart asserts four assignments of error. It argues that the summary judgment was erroneous as a matter of law and that genuine issues of material fact precluded summary judgment in Peck's favor. Petro Mart also contends that the court erred by entering a foreclosure decree when there was a pending counterclaim, and by summarily overruling Petro Mart's counterclaim.
 {¶ 2} We find that the court granted judgment for Peck on Petro Mart's counterclaims in its ruling on Peck's summary judgment motion. Petro Mart does not argue the merits of this ruling. Therefore, we affirm the judgment for Peck on the counterclaims. However, genuine issues of material fact precluded summary judgment for Peck on the complaint. Therefore, we reverse and remand for further proceedings on the complaint.
 Factual and Procedural History {¶ 3} The following facts are not in dispute. On May 1, 1999, Petro Mart entered into a lease agreement with A N Servicing Company, Inc. ("AN") to lease real property located at 4126 Pearl Road, Cleveland, Ohio, for a term of ten years. A copy of the lease, together with an affidavit of lost lease, was filed with the Cuyahoga County Recorder's office on February 4, 2005.
 {¶ 4} Meanwhile, on January 10, 2003, A N delivered a promissory note in the amount of $500,000 and a mortgage deed to Peck. This mortgage deed was filed with the Cuyahoga County Recorder on the date it was executed, January 10, 2003. Peck received a written notice from Petro Mart of its leasehold interest in the premises on April 28, 2003.
 {¶ 5} Peck filed this action on June 30, 2004, alleging that the conditions of the mortgage were broken and that he was therefore entitled to foreclose his lien. Petro Mart answered, claiming an interest as the lessee of the subject property. It also asserted counterclaims alleging that Peck and A N created the debt and mortgage for the purpose of depriving Petro Mart of its leasehold interest and the value of its improvements to the premises.[1]
 {¶ 6} Peck moved the court for summary judgment on both the complaint and counterclaim. The court granted the motion on May 13, 2005, finding that:
 {¶ 7} "* * * Plaintiff is entitled to foreclosure on the subject premises. The property will be sold free and clear of the lease and the rights of Petro Mart. Defendant, Petro Mart, did not record its lease as required by R.C. 5301.01 and 5301.25, until after being served with summons. Petro Mart's interest will be extinguished upon confirmation of the sheriff's sale by the operation of the doctrine of lis pendens (see R.C. 2703.26). Even if the lease was recorded prior to the date of lis pendens, the lease was recorded after the mortgage was recorded. Since the mortgage has priority over the lease, the property should not be sold at sheriff's sale subject to lease. No just reason for delay."
 {¶ 8} Petro Mart appealed from this order on June 10, 2005, Cuyahoga App. No. 86524. On that same date, the magistrate issued a decision finding that $326,502.97 plus interest at the rate of 12 percent per annum was due from A N to Peck and that this amount was secured by the mortgage on the subject premises. The magistrate further found that Petro Mart's claimed leasehold interest was not recorded until after Peck's mortgage was recorded and that, therefore, the lease would be extinguished by the foreclosure and the property should be sold free and clear of the lease. The magistrate ordered that the sheriff should sell the property at public sale unless all sums due were paid within three days from the court's adoption of the magistrate's decision. The court adopted the magistrate's report on August 24, 2005. Petro Mart appealed from this order, Cuyahoga App. No. 87118. The two appeals were consolidated for hearing and disposition, although separate briefs were filed in each case.
 Law and Analysis {¶ 9} Petro Mart contends that the court did not rule on his counterclaim in its order of foreclosure and sale, and therefore that order was not final and appealable. The court disposed of Petro Mart's counterclaim in its ruling on Peck's summary judgment motion. The court specifically stated that it granted Peck's motion "against Petro Mart on its counterclaim." It did not need to repeat that ruling in the order of foreclosure and sale. Petro Mart does not argue the merits of the ruling. Accordingly, we affirm the judgment for Peck on the counterclaims.
 {¶ 10} Petro Mart's first two assignments of error allege that the trial court's decision to grant summary judgment to Peck was erroneous as a matter of law and that genuine issues of material fact precluded summary judgment in Peck's favor. Both of these issues address the validity of the court's decision on summary judgment, so we review them together.
 {¶ 11} We review de novo a trial court's decision to grant summary judgment, applying the same standard the trial court used. See, e.g., Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186. Summary judgment may be granted if there are no genuine issues as to any material fact and if, viewing the evidence in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.
 {¶ 12} We assume, without deciding, that Petro Mart's lease was properly executed in accordance with the requirements of R.C.5301.01, but it was not recorded before Peck acquired his mortgage interest in the premises. The Revised Code requires that any lease for a term of three years or more, or a memorandum thereof, must be recorded. R.C. 5301.08, 5301.25, and 5301.251. Until the lease is recorded, it is "fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of the purchase, no knowledge of the existence of such former * * * instrument." R.C. 5301.25.
 {¶ 13} "[A] mortgagee is entitled to the protection of a bona fide purchaser, if he gives value without notice of prior equities." Wayne Bldg. Loan v. Yarborough (1967),11 Ohio St.2d 195, 200. To establish that he is a bona fide purchaser, the mortgagee must show that he acquired his interest in good faith, for value, and without actual or constructive notice. See, e.g., Biviano v. Edward C. Mahan Trust, Trumbull App. No. 2002-T-0089, 2003-Ohio-6699, at ¶ 19 (defining bona fide purchaser). Thus, if Peck obtained his mortgage in good faith, for value, without actual or constructive notice of Petro Mart's unrecorded lease, the lease may be (in the statute's terms) "fraudulent" as to Peck.
 {¶ 14} Petro Mart argues that Peck had notice of its possessory interest because Petro Mart was in actual possession of the premises at the time the mortgage was executed. There is a substantial body of Ohio law which holds that "the purchaser of land in the actual possession of a third person is chargeable with constructive notice of the occupant's title and equities even though the fact of such possession is not actually known to the purchaser." Sinclair Refining Co. v. Chaney (1961),114 Ohio App. 538, 549. This rule applies to mortgagees as well as purchasers. Ranney v. Hardy (1885), 43 Ohio St. 157, 159. Thus, we agree with Petro Mart that its actual possession of the premises may have provided constructive notice of its interest sufficient to defeat Peck's claim of bona fide purchaser status.
 {¶ 15} The only evidence in the record to support Petro Mart's factual contention that it was in possession of the property at the time Peck acquired the mortgage was its allegation in the pleadings that it "took possession of the subject property and immediately made substantial improvements." This allegation was denied by Peck for want of knowledge. Accordingly, the pleadings disclose a genuine issue of material fact. This question of fact was not addressed in the evidence submitted in connection with Peck's summary judgment motion. Peck's affidavit in support of summary judgment denied that he had notice of the lease prior to the filing of his mortgage; he does not address the question whether Petro Mart was in actual possession, or whether he was aware Petro Mart was actually in possession of the premises. In this appeal, however, Peck concedes that he "was aware that a gas station was being operated on the Property at the time he gave the Mortgage," although he claims that he "believed the operator of the gas station to be AN Service Company, the mortgagor and owner of the Property." Therefore, genuine issues of material fact precluded summary judgment for Peck, and we must reverse and remand for further proceedings on the complaint.
Reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee Morton Peck its costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Sweeney, J. concur.
[1] In addition, Petro Mart alleged cross-claims against A N for breach of the lease, promissory estoppel, unjust enrichment, conversion and fraud. Petro Mart dismissed the cross-claims without prejudice less than six weeks after they were filed.