OPINION
{¶ 1} This is an appeal from a final order of estate distribution of the Trumbull County Common Pleas Court, Probate Division. That court allocated debts and expenses of administration of the estate to specific devisees and then ordered that certain specific devises be carried into effect. Appellant, Frederick Mahan, claims that the probate court's order of April 22, 2005, which is the judgment entry being appealed herein, disproportionately allocates debts and expenses to his share of inheritance from the estate.
 {¶ 2} Edward C. Mahan ("decedent") died on March 11, 1999. His will was admitted to probate on November 30, 1999. William Biviano was appointed administrator w.w.a. on that same date.
 {¶ 3} This estate administration has been especially contentious. Four separate pieces of litigation have been resolved during the seven years this estate has been open. This court has previously made decisions with respect to two of the actions, a will contest action and a declaratory judgment action.[1] The other two litigation actions were foreclosure cases that were resolved in the probate court.
 {¶ 4} The decedent's estate consisted of certain items of tangible and intangible personal property, together with a number of parcels of real property. The estate also had substantial debts and expenses of administration, in excess of $131,000.
 {¶ 5} Frederick Mahan is challenging the probate court's order of distribution insofar as it does not allocate to Sharon Tolla a fair share of the estate debts and expenses. He asserts that Ohio statutes require a different allocation with respect to two assets proposed for distribution. The challenges with respect to the two assets are set forth in Frederick Mahan's two assignments of errors, the first of which is:
 {¶ 6} "The trial court erred to the prejudice of appellant when it failed to order Sharon Rae Tolla to pay the real estate taxes attributable to her specific devise of real estate."
 {¶ 7} R.C. 2113.52(A) provides that a devisee under a will takes the real property subject to taxes, penalties, interest, and assessments on the property. Insofar as the trial court was interpreting this statute, our standard of review is de novo.[2] "Therefore, we review the decision independently and without deference to the trial court's interpretation."[3]
 {¶ 8} The first asset that Frederick Mahan asserts that a larger amount of debts and expenses is required to be borne by Sharon Tolla is a 59.8853 acre parcel located at 1625 Hyde-Shaffer Road ("the Hyde-Shaffer property"). This parcel was originally thought to be 54.4501 acres as of the date of death of the decedent, but a subsequent survey in 2004 determined that, in fact, it was 59.8853 acres.
 {¶ 9} The date of death value of the Hyde-Shaffer property was $125,000. The decedent's will provided that part of the total parcel was to be carved out for Sharon Tolla and that she was to receive the house situated on the property, together with three acres. Frederick Mahan was to receive the balance of 56.8853 acres. The probate court determined that the date of death value assigned to the house and three acres was $63,260, or 50.6% of the total, leaving $61,740, or 49.4% of the total, remaining for Frederick Mahan's acreage.
 {¶ 10} A foreclosure action was initiated against the Hyde-Shaffer property within a few months of the decedent's death. Eventually, the mortgage indebtedness on the property was paid off through the sale of other estate assets and the foreclosure case was resolved. The probate court found that the mortgage indebtedness associated with the Hyde-Shaffer property was $115,048.02.
 {¶ 11} In a judgment entry dated July 1, 2003, which this court affirmed on appeal,[4] the probate court allocated 50.6% of the mortgage indebtedness to Sharon Tolla, and 49.4% thereof to Frederick Mahan. That court then ordered contribution from Sharon Tolla pursuant to R.C. 2107.54(C), which provides, in pertinent part, as follows:
 {¶ 12} "A devisee of real estate that is subject to a mortgage lien that exists on the date of the testator's death * * * has a duty to contribute under this section to devisees and legatees who are burdened if the claim secured by the lien is presented and allowed pursuant to Chapter 2117. of the Revised Code."
 {¶ 13} In that same order of July 1, 2003, the probate court then stated that Frederick Mahan "is entitled to contribution by Sharon Rae Tolla for all other payments made on the mortgage debt, including interest, late charges and attorney fees for defending the * * * mortgage foreclosure proceedings."
 {¶ 14} In the judgment entry of April 22, 2005, the probate court ordered Sharon Tolla to pay $58,214.30 as her share of the mortgage indebtedness. Frederick Mahan does not challenge the allocation of the mortgage debt, though he does assert that this figure should be $60,847.22, the difference being the addition of certain title costs and attorney fees.
 {¶ 15} In the April 22, 2005 order, the probate court also ordered Sharon Tolla to make contribution toward her share of accrued real estate taxes and attorney fees. The amount ordered by the probate court was $5,045.70. The sum of the mortgage contribution figure and the accrued taxes and fees figure is $63,260, which is equal to her distributive share of the Hyde-Shaffer property. No additional amount was ordered by the probate court by way of contribution toward accrued real estate taxes and attorney fees.
 {¶ 16} It is this part of the April 22, 2005 order that is challenged by Frederick Mahan. He asserts that accrued and unpaid real estate taxes, not counting attorney fees, amount to at least $11,876.85, though the record shows the figure to be $12,562.12 as of November 30, 2005. Unlike the contribution for mortgage indebtedness, which was made in proportion to the parties' respective ownership interests (50.6% and 49.4%), that part of the order that required Sharon Tolla to make contribution toward accrued real estate taxes and attorney fees was done on an "equitable" basis. The probate court stated:
 {¶ 17} "If this Court were to adopt [the position of Frederick Mahan], then it would be necessary to order Sharon Rae Tolla to pay to the estate a sum of money that substantially exceeds the value of her inheritance. This Court can not make such an order because it is contrary to the testator's intention, it is without precedent, and it offends equity principles."
 {¶ 18} On the authority of R.C. 2113.52(A), Frederick Mahan asserts that, if Sharon Tolla wishes to accept the specific devise of her share of the Hyde-Shaffer property, she should also be made to contribute 50.6% of the accrued and unpaid real estate taxes, including penalties and interest. R.C. 2113.52(A) provides as follows:
 {¶ 19} "A devisee taking real estate under a devise in the will, unless the will otherwise provides, or an heir taking real estate under the statutes of descent and distribution shall take the real estate subject to all taxes, penalties, interest, and assessments which are a lien against that real estate."
 {¶ 20} We agree that the probate court was not permitted to fashion an equitable rule in the face of a statute that clearly requires Sharon Tolla to accept her devise "`subject to all taxes, penalties, interest, and assessments which are a lien against that real estate.'"[5] If, in her judgment, the cost of accepting the equitable devise is too dear then she does not have to accept it. As of November 30, 2005, her proportionate share of accrued real estate taxes, penalties, and interest was 50.6% of $12,562.12, or $6,356.43. This contrasts with the figure of $5,045.70 ordered by the probate court, for a difference of $1,310.73. This latter figure, of course, does not include attorney fees, which is also an item for which the probate court, in its July 1, 2003 order, required contribution from Sharon Tolla.
 {¶ 21} Therefore, the probate court erred in respect of its allocation of accrued real estate taxes, interest, and penalties insofar as it did not require Sharon Tolla to make a proportional contribution equal to the value of the property to be devised to her. When this matter is returned to the probate court, it will also have to follow its order of July 1, 2003 and make an allocation of Sharon Tolla's contribution toward attorney fees owed with respect to the Hyde-Shaffer property. The decision to accept or disclaim the devise to Sharon Tolla is entirely her decision.
 {¶ 22} The first assignment of error is with merit.
 {¶ 23} The second assignment of error is as follows:
 {¶ 24} "The trial court erred in ordering the distribution of the Alltel Rental/Lease Agreement to Sharon Rae Tolla without requiring her to pay her proportionate share of the debts and expenses of the decedent's estate."
 {¶ 25} This assignment of error calls into question the trial court's interpretation of R.C. 2107.54(A). As in the first assignment of error, since the trial court was interpreting a statute, our standard of review will be de novo.[6]
 {¶ 26} This assignment of error relates to the second asset in contention in this appeal. That asset is a Sprint cell tower lease that was assigned to Alltel. This lease to Sprint was a twenty-year lease executed in 1995. The lease payments amounted to $250 per month for the first five years, to be adjusted according to the Consumer Price Index thereafter.
 {¶ 27} There was a specific devise of this lease in the decedent's will. Per this devise, Frederick Mahan and Sharon Tolla were each to receive a one-half interest in the lease payments and in the lease itself.
 {¶ 28} Frederick Mahan asserts that R.C. 2107.54(A) should control the allocation of debts and expenses with respect to the devise of the Sprint lease, and that Sharon Tolla should not receive her share of the Sprint lease without taking responsibility for her share of the estate expenses pursuant to that statute. R.C. 2107.54(A) provides as follows:
 {¶ 29} "When real or personal property, devised or bequeathed, is taken from the devisee or legatee for the payment of a debt of the testator, the other devisees and legatees shall contribute their respective proportions of the loss to the person from whom such payment was taken so that the loss will fall equally on all the devisees and legatees according to the value of the property received by each of them.
 {¶ 30} "If * * * the will makes a different provision for the payment of debts than the one prescribed in this section, the estate shall be applied in conformity with the will."
 {¶ 31} The only provision in the decedent's will respecting the payment of debts was "Item 1: I direct that all my legally enforceable debts and funeral expenses be paid out of my estate as soon as practicable after my decease." This kind of provision is construed to mean that the testator intends that debts are to be paid from the residuary estate.[7]
 {¶ 32} In this case, the probate court found that there was no residuary estate due to the large amount of debts and expenses of administration.
 {¶ 33} The statute just quoted speaks to devises and bequests that are taken from the devisee or legatee for the payment of debts. The statute further provides that other devisees or legatees shall contribute their proportionate share of the property taken so that the loss falls equally on all devisees and legatees.
 {¶ 34} In this case, the decedent provided the following devises and bequests in Item 2 of his will:
 {¶ 35} "b. I give, devise and bequeath my duplex home located at 5625 St. Rt. 45, Bristolville, Ohio, consisting of about four (4) acres of land and the duplex to my son FREDERICK L. MAHAN, absolutely and in fee simple.
 {¶ 36} "c. I give, devise and bequeath my real estate consisting of about three (3) acres of land and the dwelling situated thereon located at 1625 Hyde-Shaffer Road, Bristolville, Ohio to my daughter SHARON RAE TOLLA, absolutely and in fee simple.
 {¶ 37} "d. I give, devise and bequeath my real estate consisting of about ninety (90) acres of land and the dwelling situated thereon at 5551 St. Rt. 45, Bristolville, Ohio to my son, FREDERICK L. MAHAN, absolutely and in fee simple.
 {¶ 38} "* * *
 {¶ 39} "f. I give and bequeath the sum of One Thousand Dollars ($1,000) to my daughter, ELIZABETH A. KOEHLER, and nothing more.
 {¶ 40} "* * *
 {¶ 41} "h. I give and bequeath the lease payments and the lease for the Sprint Tower Lease to my son FREDERICK L. MAHAN, and my daughter, SHARON RAE TOLLA, equally, share and share alike."
 {¶ 42} During the course of estate administration, the following assets that were to be specifically devised or bequeathed were sold or used for the payment of debts and expenses:
 {¶ 43} [Item 2b:] The duplex home at 5625 St. Rt. 45, Bristolville, Ohio, together with five acres, which was sold for net proceeds of $79,645.59.
 {¶ 44} [Item 2d] House and five acres of property at 5551 St. Rt. 45, Bristolville, Ohio sold for net proceeds of $112,105.92. The remaining acres was not sold.
 {¶ 45} [Item 2f] Bequest of $1,000 to Elizabeth A. Koehler was used to pay debts and expenses.
 {¶ 46} Frederick Mahan argues that R.C. 2107.54(A) should be applied such that Sharon Tolla should be made to pay a portion of all debts and expenses equal to the proportionate share of the estate that she is receiving. The probate court determined that her share of the estate is 18.4%. By this logic, argues Frederick Mahan, she should be made to pay 18.4% of $131,910.85, and representing the total debts and expenses of administration, as a condition of receiving her share of the devise of the Sprint lease. This amount is $24,271.60.
 {¶ 47} However, the statute does not speak in terms of all debts and expenses. Instead, it refers to amounts lost by devisees or legatees in respect of devises or bequests they would otherwise have received, but did not because the devises and/or bequests were "taken" to pay debts and expenses of administration.
 {¶ 48} Therefore, the amount equal to Sharon Tolla's proportionate share of the "lost" devises and bequests needs to be computed in order to determine how much of those losses she must bear as a condition of the devise of the Sprint lease to her. This will not be the same amount as the amount asserted by Frederick Mahan, that is, her proportionate share of all the debts and expenses of the estate.
 {¶ 49} In order to compute Sharon Tolla's proportionate share of the "lost" devises and bequests, the "lost" devises and bequests need to be considered. As stated above, they amount to the property at 5625 St. Rt. 45, which was sold for net $79,645.59; the property at 5551 St. Rt. 45, which was sold for net $112,105.92; and the bequest of $1,000 to Elizabeth A. Koehler, which bequest was used to pay debts and expenses of administration. From this total of $192,751.51 should be deducted the cash balance shown on the fourth partial account of $36,264.63, together with $10,500, and representing the market value of the Sun Life stock, for net "lost" specific devises and bequests of $145,986.88. If Sharon Tolla is to bear her proportionate share of these "lost" specific devises and bequests, and her share of the estate is 18.4%, as the probate court has already determined, then she should be made to contribute $26,861.59 of the total as a condition of receiving the specific devise of the Sprint lease. This amount is greater than the amount of $24,271.60 asserted by Frederick Mahan as Sharon Tolla's contribution.
 {¶ 50} The process just stated is not meant to be the final computation of the proportionate share to be borne by Sharon Tolla. It is meant to illustrate the merit of Frederick Mahan's second assignment of error, and that Sharon Tolla should not be allowed to receive her specific devise of the Sprint lease without paying her share of the specific devises and bequests that were "lost" during the course of estate administration. It is also meant to express a methodology for the probate court to employ upon remand to arrive at the correct figure by applying the provisions of R.C. 2107.54(A). Upon remand, the probate court shall adjudicate the correct contribution amount using the foregoing methodology, and make such other adjustments as may be required by law or the "law of the case."
 {¶ 51} The second assignment of error is with merit.
 {¶ 52} The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
Ford, P.J., concurs.
Rice, J., concurs in judgment only.
[1] In re Estate of Mahan (Aug. 31, 2001), 11th Dist. Nos. 2000-T-0110 and 2000-T-0111, 2001 Ohio App. LEXIS 3910; In reEstate of Mahan, 11th Dist. No. 2003-T-0100, 2004-Ohio-6032.
[2] In re Biersack, 3d Dist. No. 10-04-03, 2004-Ohio-6491, at ¶ 15. See, also, In re Estate of Payne, 10th Dist. No. 04AP-1176, 2005-Ohio-2391, at ¶ 6.
[3] Id.
[4] In re Estate of Mahan, 2004-Ohio-6032.
[5] Gardner v. Gardner (Mar. 11, 1993), 5th Dist. No. 35-CA-92, 1993 Ohio App. LEXIS 1614, at *10, quoting R.C.2113.52(A). See, also, In re Estate of Carpenter (1998),129 Ohio App.3d 717, 720.
[6] In re Biersack, supra, at ¶ 15.
[7] Kuerze v. Western German Bank (1919), 12 Ohio App. 412,421.