[Cite as *In re Estate of Pizzoferrato*, 190 Ohio App.3d 123, 2010-Ohio-4848.]


STATE OF OHIO, JEFFERSON COUNTY
IN THE COURT OF APPEALS
SEVENTH DISTRICT


IN RE ESTATE OF PIZZOFERRATO.　　)　　CASE NO. 08 JE 38
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　OPINION
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)


CHARACTER OF PROCEEDINGS:　　　　Civil Appeal from the Court of Common
　　　　　　　　　　　　　　　　　　　Pleas, Probate Division, of Jefferson
　　　　　　　　　　　　　　　　　　　County, Ohio
　　　　　　　　　　　　　　　　　　　Case No. 2008 ES 026

JUDGMENT:　　　　　　　　　　　　Final Account Exception Judgment –
　　　　　　　　　　　　　　　　　　Reversed and Remanded.

　　　　　　　　　　　　　　　　　　Concealment Judgment –
　　　　　　　　　　　　　　　　　　Affirmed and Modified in Part.


APPEARANCES:

Gary M. Stern, for appellee and cross-appellant.

Bruzzese & Calabria and Michael J. Calabria; and Rokisky & Associates and Jeffrey J. Rokisky, for appellant and cross-appellee.


JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

　　　　　　　　　　　　　　　　Dated:  September 27, 2010

WAITE, Judge.

{¶ 1} Appellant, Joseph Pizzoferrato, appeals the decision of the Jefferson County Court of Common Pleas, Probate Division, that overruled his exception to the final account filed by appellee Frank Berardi, executor of the estate of Delores Pizzoferrato. Berardi filed a cross-appeal challenging the trial court's ruling on a concealment complaint filed against appellant. For the following reasons, we reverse the decision of the trial court as to appellant's claims and enter judgment in his favor accordingly. We sustain the trial court's decision as to the concealment action in part but reverse and modify in part.

{¶ 2} Berardi is the devisee of some of the decedent's real property. Appellant, who is the decedent's brother, is the residuary beneficiary under the will. Appellant argues that the probate court improperly allowed Berardi, in his role as executor, to exonerate the mortgage lien that was associated with the property devised to Berardi in the will. In this matter, appellant claims that Berardi transferred to himself estate assets that should have gone to appellant through the estate. Appellant contends that the trial court should have applied R.C. 2113.52(B), which provides that the right of exoneration does not exist unless it is clearly included in the will with respect to the specific lien to be exonerated. We disagree with appellant's application of R.C. 2113.52(B), but based on the record, we determine that Berardi is required to reimburse the estate for the amount of the lien. For this reason, we sustain appellant's assignment of error and hold that Berardi is required to deposit $71,572.78 in the decedent's estate for proper distribution.

**{¶ 3}** While we find no error in the reasonableness of the award of $1,650 in the cross-appeal of this matter, the record reflects that the trial court failed to impose a mandatory 10 percent penalty. The trial court's judgment is thus reversed and modified solely to assess an additional penalty of $165 against appellant. The remainder of the trial court's judgment is affirmed.

History of the Case

**{¶ 4}** Delores Pizzoferrato died on January 11, 2008, and her will was admitted to probate in the Jefferson County Court of Common Pleas, Probate Division. Berardi was named as executor in the will. The will directed that all the decedent's debts be paid as soon as practicable from the estate assets. Item III of the will contained a specific devise and bequest to Berardi of real estate owned by the decedent "adjacent to Route 43 in Wintersville," along with all structures, improvements, personal property, accounts receivable, and any other tangible or intangible assets connected with any business enterprise being operated on the property. The decedent had operated a restaurant and recycling center at this location, and Berardi worked there. The will left the residuary estate, both real and personal, to appellant, the decedent's brother. At the time the decedent died, appellant was living with her in her home.

**{¶ 5}** The probate court approved Berardi's appointment as executor. Berardi filed an inventory and appraisal of the estate on March 11, 2008. The total estate assets were listed at $560,398.11, with the real property valued at $465,000. Miscellaneous household goods and personal effects were valued at $1,000. The inventory listed three separate parcels of real property, including two parcels at 820 and

840 Canton Road in Wintersville, valued at $140,000 and $75,000. Canton Road is another name for Route 43 in Wintersville, and there is no dispute that the two properties on Canton Road were devised to Berardi. The probate court approved the inventory and appraisal on April 8, 2008.

{¶ 6} Berardi filed the final and distributive account on August 8, 2008. In the list of disbursements, Berardi included the payment in full of the remaining debt arising from two promissory notes to Huntington Bank in the amounts of $27,614.30 and $43,958.48, together totaling $71,572.78. These notes were secured by an open-end mortgage on the property at 840 Canton Road.

{¶ 7} Appellant filed an exception to the account on September 12, 2008. He argued that Berardi's payment of $71,572.78 to Huntington Bank constituted an illegal exoneration of the mortgage in violation of R.C. 2113.52(B).

{¶ 8} On September 16, 2008, Berardi filed a concealment complaint against appellant, alleging that he had concealed, embezzled, or conveyed away estate assets from the decedent's residence after her death. He asked for judgment in favor of the estate for the value of the personal property together with a 10 percent penalty, along with all costs of the proceedings including reasonable attorney fees. Berardi attached a list of the decedent's household goods that he alleged appellant took, along with their approximate values. For purposes of the concealment action, he listed the retail value of the goods at $21,170.00. To explain the discrepancy between the value of the goods in the inventory as filed by Berardi and the value listed in the concealment action, Berardi claimed that he initially did not intend to challenge the removal of the property

and instead, listed the value in the inventory at $1,000. He changed his mind after appellant filed objections to his accounting of the estate.

{¶ 9} The exception to the account and the concealment action were both heard on October 28, 2008. Appellant admitted that he took all the personal household property from the decedent's home after her death. He could not give a value for the property. He said that he gave away most of the items, although it was established that he sold a lawn tractor for $1,000 and a television for $650. Both parties agreed that the sale price of those two items established their value.

{¶ 10} Berardi testified that the original retail value of the decedent's household property was $21,170 and that the market value of the goods at the time of her death was $7,000. He did not explain how he arrived at this figure and admitted that he had no training as an appraiser.

{¶ 11} On October 30, 2008, the probate court issued two judgment entries. In the first entry, the judge overruled appellant's exception to the final account. The court concluded, "[T]he account conforms to the directives set forth in the Will and complies with Ohio law."

{¶ 12} The second entry granted judgment in favor of Berardi on the concealment action in the amount of $1,650. The court did not order prejudgment interest, attorney fees, or a 10 percent penalty, but did assess $45.50 in court costs against appellant.

{¶ 13} On November 25, 2008, appellant filed a notice of appeal from the judgment entry overruling his exceptions to the final account. On December 1, 2008,

Berardi filed a notice of cross-appeal, challenging the decision rendered in the concealment action.

{¶ 14} Appellant and Berardi each raise one assignment of error. As a preliminary matter, it must be noted that Berardi should have filed a separate appeal in this matter and not a notice of cross-appeal. His claims do not fall within the purview of a true cross-appeal, since he is appealing an issue arising from a judgment entry wholly separate and distinct from the entry referred to in appellant's notice of appeal.

{¶ 15} Procedurally, a cross-appeal is appropriate when a party seeks to defend an order or appeal taken by another party, but also desires some change to that judgment or order. App.R. 3(C)(1). However, because Berardi filed his notice of cross-appeal within the time allowed to file a direct appeal, as set forth in App.R. 4(A), we will exercise our discretion to accept the matter for review and address his assignment of error.

## Assignment of Error of Joseph Pizzoferrato

{¶ 16} "The Common Pleas Court of Jefferson County, Ohio, Probate Division committed plain error when it failed to apply Ohio Revised Code 2113.52(B) to the case at hand. Despite the statutory law, the Probate Court held to exonerate Frank Berardi from mortgage lien obligations secured by real property of the probate estate of Delores Pizzoferrato which had been devised to Frank Berardi, and thus made said mortgage liens the obligation of the residuary estate of Delores Pizzoferrato, all in violation of Ohio Revised Code 2113.52(B)."

{¶ 17} Appellant contends that the trial court improperly allowed the decedent's estate to exonerate the mortgage lien on the property that was devised to Berardi, ignoring the language of R.C. 2113.52(B), which states:

{¶ 18} "If real estate devised in a will is subject to a mortgage lien that exists on the date of the testator's death, the person taking the real estate under the devise has no right of exoneration for the mortgage lien, regardless of a general direction in the will to pay the testator's debts, unless the will specifically provides a right of exoneration that extends to that lien."

{¶ 19} Appellant argues that the real property devised to Berardi was burdened with a mortgage lien and Berardi was required to accept the debt with the property. He claims that Berardi, as executor, should not have paid the debt associated with the mortgage because he was prohibited from doing so pursuant to R.C. 2113.52(B).

{¶ 20} Because this appeal challenges the probate court's interpretation and application of statutory law, we apply a de novo standard of review. *Riedel v. Consol. Rail Corp.*, 125 Ohio St.3d 358, 2010-Ohio-1926, 928 N.E.2d 448, ¶6. Although appellant's assignment of error refers to a "plain error" standard, the plain-error standard of review does not apply here. Appellant appears to argue that the trial court plainly ignored the applicable statute and asks this court to correct the error and apply R.C. 2113.52(B).

{¶ 21} Berardi, in response, argues that R.C. 2113.52(B) does not apply. He claims that the loans he paid as executor were more in the nature of personal loans, rather than mortgage loans, because they were also secured by an assignment of rents.

Berardi contends that a debt that is secured by both a mortgage lien and a nonmortgage lien should not fall under the purview of R.C. 2113.52(B) and that the probate estate was permitted to satisfy the debt with estate funds.

{¶ 22} Neither appellant nor Berardi is correct in this case. R.C. 2113.52(B) is not the primary law governing the outcome of this matter. R.C. 2113.52(B) involves the right of exoneration, which is defined in Black's Law Dictionary (6th Ed.1990) as "The removal of a burden, charge, responsibility or duty. Right to be reimbursed by reason of having paid that which another should be compelled to pay * * *." There is no indication in the record of this case that Berardi, acting as devisee of the decedent's real property, sought to be reimbursed for paying the debts associated with the liens on the devised property or that he asked to have the estate remove those liens. Instead, Berardi, as executor of the estate, paid Huntington Bank's claims as part of the normal course of administering the decedent's estate. Huntington Bank requested that two promissory notes be paid by the estate, and the payoff notices for the two loans are part of the record. Payment appears to be proper because the promissory notes each contain "death or insolvency" and acceleration clauses, entitling Huntington Bank to collect the balance of the loans upon Delores Pizzoferrato's death. When an executor pays the claims made against a decedent's estate, this act is not referred to as an exoneration. It may be variously referred to as discharging the debts of the estate, allowing the claims against the estate, or simply as paying the decedent's creditors, but it is not an exoneration, as that act is defined.

{¶ 23} Appellant claims that Berardi exonerated the mortgage lien in the final accounting, but this is not a correct characterization of the act. The final account simply notes that the estate paid, along with all the other claims against it, the two promissory notes issued by Huntington Bank. Although this payment may have had some of the same effects as an exoneration of the mortgage lien, the process used was not that of a devisee seeking reimbursement for a payment he made, which is to say, exerting a right of exoneration. In this instance, Berardi, as executor, properly paid Huntington Bank for the balance of two business loans made to the decedent.

{¶ 24} It is our view that the correct statute to apply in this case is R.C. 2107.54(C), which states:

{¶ 25} "A devisee of real estate that is subject to a mortgage lien that exists on the date of the testator's death, who does not have a right of exoneration that extends to that lien because of the operation of division (B) of section 2113.52 of the Revised Code, has a duty to contribute under this section to devisees and legatees who are burdened if the claim secured by the lien is presented and allowed pursuant to Chapter 2117. of the Revised Code."

{¶ 26} R.C. 2107.54(C) presumes that a claim secured by a lien on the decedent's real property may be presented to the estate and the claim may be allowed and paid by the estate under R.C. 2117. See, e.g., *In re Estate of Mahan*, 11th Dist. No. 2005-T-0062, 2006-Ohio-4821. If the claim is allowed and paid by the estate, and if the devisee has no right of exoneration by the operation of R.C. 2113.52(B), then a duty arises in the devisee to contribute to any other devisees and legatees who may be

burdened by the payment of the claim. In this particular case, the residuary beneficiary was clearly burdened by the payment of the claim. Hence, the duty of contribution should have been invoked.

{¶ 27} Appellant filed an exception to the final accounting raising the right of exoneration under R.C. 2113.52(B), but failed to address the preliminary matter as to whether it was proper for the estate to pay the claims presented by Huntington Bank. It is understandable that the trial court overruled the exception, because the appropriate law was not invoked and appellant was arguing that the estate should not have paid Huntington Bank. However, due to the nature of the mortgage liens, the estate owed Huntington Bank full payment. The question that remains is what further steps were necessary before the devisee could take his property under the will. Because the next step in the analysis does involve in some way the statute raised in appellant's exception to the final account, and in the interest of substantial justice, we address whether Berardi, as devisee, had a duty to contribute to the probate estate after the debts secured by a mortgage lien had been properly paid by the estate.

{¶ 28} In this case, it is undisputed that the will provided no specific right of exoneration extending to the mortgage lien in question. R.C. 2113.52(B) allows for a right of exoneration only if there is a specific provision in the will that grants a right of exoneration extending to the specific mortgage lien at issue. A general direction in the will to pay the testator's debts does not suffice. Item III of the decedent's will states:

{¶ 29} "I give, devise and bequeath the real estate that I own adjacent to Route 43 in Wintersville, Jefferson County, Ohio, together with all structures, improvements

and personal property situated thereon, and including any accounts receivable or other assets, tangible or intangible, connected with any business enterprise being operated thereon, to FRANK BERARDI, if he survives me."

{¶ 30} This general clause does not provide a specific right of exoneration for the mortgage lien on the property adjacent to Route 43 in Wintersville. Therefore, R.C. 2107.54(C) requires the devisee to contribute to the estate the amount the estate paid to satisfy the claims secured by the mortgage lien.

{¶ 31} Berardi attempts to contravene the effects of R.C. 2107.54(C) and 2113.52(B) by characterizing the underlying debts on the property as personal or business loans rather than mortgage loans. He relies primarily on the existence of an assignment of rents, which he describes as an interest in personal property rather than an interest in real property. He contends that the two promissory notes were encumbered by personal assets of the decedent's restaurant business, and thus, were personal loans and not simply real estate loans. It is not quite clear what Berardi is attempting to achieve by this characterization, but in any case, he is incorrect. The assignment of rents also included the assignment of the underlying leases and the income derived from those leases. Thus, the assignment of rents involved both personal property (the rents themselves) and real property (the leases). Whether an assignment of rents refers to an interest in real or personal property, though, is largely irrelevant. R.C. 2113.52(B) provides no exception with respect to the nature of the debt that supports a mortgage. If real property is devised in a will and there is a mortgage attached to the property, then without a specific statement allowing it, there is no right of

exoneration, without regard to the manner in which the mortgage came into existence or the nature of the debt associated with the mortgage.

{¶ 32} The record reveals that there was a mortgage lien associated with the devised property, the residuary beneficiary was burdened by the payment of the two promissory notes by the estate, and that Berardi, as devisee, is required to contribute the amount of those payments back to the estate since he accepted the devised real estate. Therefore, we sustain appellant's assignment of error. The trial court's determination on this matter is reversed, and we hold that Berardi is required to reimburse the estate in the amount of $71,572.78.

Frank Berardi's Assignment of Error

{¶ 33} "It was against the manifest weight of the evidence and an abuse of discretion for the trial court to fail to order Joseph Pizzoferrato to either return the estate assets or pay the value of estate assets that he took from decedent's home after her death, and refuse to assess the 10 per cent penalty mandated by statute."

{¶ 34} In Berardi's assignment of error, he refers to the concealment action he filed. Concealment actions are governed by R.C. 2109.52, which states:

{¶ 35} "When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine * * * whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or choses in action of the trust estate. If such person is found guilty, the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restitution in

kind. * * * In all cases, except when the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the fiduciary or if there is no fiduciary in this state, the probate court shall render judgment in favor of the state, against the person found guilty, for the amount of the moneys or the value of the chattels or choses in action concealed, embezzled, conveyed away, or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing specifically restored or returned in kind as provided in this section."

{¶ 36} Berardi argues that it was an abuse of discretion for the court to award damages only for the two items that appellant admitted he sold from the estate, since he also admitted that he took several other items. Berardi also argues that the probate court should have assessed a mandatory penalty of 10 percent, as stated in R.C. 2109.52.

{¶ 37} With respect to the first subissue, a reviewing court uses an abuse-of-discretion standard when reviewing a trial court's decision relative to an assessment of damages. *Roberts v. United States Fid. & Guar. Co.* (1996), 75 Ohio St.3d 630, 634, 665 N.E.2d 664. "Abuse of discretion" means more than an error of law; rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 38} The probate court did not abuse its discretion in determining the damage award. Although Berardi testified that he considered the market value of the decedent's household property to be $7,000, he gave no basis for arriving at that figure, and the

probate court relied instead on the specific dollar amounts given by appellant as the sale prices of a lawn tractor and a television. In rejecting Berardi's valuation, the trial court made a credibility determination. We generally defer to the credibility determinations of the trier of fact, which in this case was the probate judge. *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273. Berardi admitted that he had none of the decedent's household property appraised and that there was no basis for his own valuation of the market value of this property at the time of decedent's death. His credibility also came into question when he testified that he filed the concealment action only in retaliation for appellant's decision to file an exception to the final account. Because the trial court had a basis for valuing damages at $1,650, and there is nothing in the record that would have us question the credibility determination made at trial, we find no abuse of discretion in the trial court's award of damages.

{¶ 39} Turning to the issue of the 10 percent penalty, Berardi's argument is well taken. Upon a finding of damages in a concealment action, R.C. 2109.52 mandates that a 10 percent penalty be assessed. Again, this penalty is mandatory, not discretionary. See, e.g., *In re Estate of Tewksbury*, 4th Dist. No. 05CA741, 2005-Ohio-7107, ¶13; *Sugar v. Sugar* (Mar. 29, 1999), 7th Dist. No. 96CO4, 1999 WL 182513, at *4-5. Therefore, the probate court's failure to order the 10 percent penalty in this case was contrary to law. Accordingly, Berardi's assignment of error is sustained in part, and we modify the judgment in the concealment action to add a 10 percent assessment in addition to the underlying award of damages.

## Conclusion

**{¶ 40}** Appellant's assignment of error is meritorious on other grounds. As executor, Berardi properly paid the remaining debt on two promissory notes issued to the decedent. As devisee, he was then required to contribute the amount of those payments back to the decedent's estate based on the operation of R.C. 2107.54(C) and 2113.52(B). The judgment of the probate court on the exception to the final account is reversed, and the cause is remanded with the direction to Berardi to deposit $71,572.78 into the probate estate for proper distribution. In addition, the trial court's judgment in the concealment action is affirmed with respect to the damages award of $1,650, but the judgment is reversed to the extent that it must be modified to add the statutorily mandated penalty of 10 percent in the amount of $165, for a total judgment against appellant in the sum of $1,815.

Judgment accordingly.

DONOFRIO and DEGENARO, JJ., concur.