[Cite as *McNelis v. Crain*, 2016-Ohio-8523.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MARCIA MCNELIS, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2016-T-0065** |
| FREDERICK CRAIN, et al., | : | |
| Defendants-Appellees. | : | |

Appeal from the Trumbull County Court of Common Pleas, Probate Division, Case No. 2016 CVA 0002.

Judgment: Affirmed.

*Michael D. Rossi,* Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Plaintiffs-Appellants).

*Thomas J. Wilson,* Comstock, Springer & Wilson Co., L.P.A., 100 Federal Plaza East, #926, Youngstown, OH 44503 (For Defendants-Appellees).


CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellants, Marcia McNelis, et al., appeal from the judgments of the Trumbull County Court of Common Pleas, Probate Division, denying their motion for summary judgment as well as the trial court's entry of directed verdict entered in favor of appellees, Frederick Crain, et al. For the reasons set forth in this opinion, we affirm both judgments of the probate court.

{¶2} The parties to this matter are the children of Ralph Crain ("the decedent"), who passed away on June 9, 2014. Prior to the decedent's death, Attorney Douglas Neuman represented him and executed his will on April 29, 2013 ("prior will"). The decedent instructed Attorney Neuman to keep the will in his personal possession. Under this will, each of decedent's six children stood to inherit from his estate equally. Later, the decedent requested Attorney Neuman to prepare and execute a second will, which he did, on August 19, 2013. Under this instrument, appellants were bequeathed $10,000 each, and real property and any remainders in the estate were devised and/or bequeathed to appellees. Attorney Neuman advised the decedent the new will could result in a will-contest action following his death. Rather than destroy the earlier will, they agreed that Attorney Neuman would retain the April will, along with the August will in his possession.

{¶3} After decedent passed, in June 2014, Attorney Neuman admitted the August 2013 will to probate. Shortly after the decedent's death, Attorney Neuman began representing appellees in matters relating to the decedent's estate. On September 3, 2014, appellants filed a will-contest action against appellees in the Trumbull County Probate Court. Appellants challenged the validity of the August 2013 will, asserting the decedent was under appellees' undue influence when it was executed. The matter proceeded to jury trial, during which Attorney Neuman testified to the existence of the prior will. The parties to the underlying matter asserted they had no knowledge of the will prior to this disclosure. After trial, the jury entered a verdict invalidating the August 2013 will and the trial court entered judgment in appellants'

2

favor. The matter was appealed and, in *Sferra v. Shepherd*, 11th Dist. Trumbull No. 2014-T-0123, 2015-Ohio-2902, this court affirmed the judgment of the trial court.

{¶4} On February 1, 2016, appellants filed the underlying action seeking a declaration that appellees withheld the prior will in violation of R.C. 2107.10(A), which provides:

{¶5} No property or right, testate or intestate, shall pass to a beneficiary named in a will who knows of the existence of the will for one year after the death of the testator and has the power to control it and, without reasonable cause, intentionally conceals or withholds it or neglects or refuses within that one year to cause it to be offered for or admitted to probate. The property devised or bequeathed to that beneficiary shall descend to the heirs of the testator, not including any heir who has concealed or withheld the will.

{¶6} Appellants claimed that appellees knew of the prior will for a year after the decedent's death, had control of the will, and without reasonable cause failed to admit it to probate. Appellees filed an answer. Each party subsequently moved for summary judgment.

{¶7} In their motion, appellees maintained appellants could not establish appellees knew of the existence of the will within the relevant timeframe and, hence, could not establish they had the ability to control it. Moreover, they argued that, even after they became aware of its existence (during the will-contest proceedings), they had reasonable cause for not admitting it to probate because they had a reasonable expectation of prevailing in the underlying proceedings or on appeal. Thus, they concluded, there was no genuine issues of material fact for litigation and they were entitled to judgment as a matter of law.

{¶8} In their motion, appellants asserted that, regardless of whether appellees had actual knowledge of the will, knowledge can be imputed to them because Attorney

3

Neuman, as their lawyer and agent, did have knowledge of its existence within the relevant timeframe. Similarly, appealing to agency principles, appellants asserted that because Attorney Neuman was in possession of the prior will, appellees had the power to control the same. Finally, they contended there was no reasonable cause for appellees to withhold the will from probate because, once the August will was deemed void, they failed to seek a stay of that judgment. As a result, appellants maintained, the April will was the only valid will and, regardless of the appellate proceedings, appellees had no "reasonable cause for sitting on the 4/13 will." Accordingly, appellants contended there were no genuine issues of material fact and they were entitled to judgment as a matter of law.

{¶9} After considering the motions, the trial court determined there were genuine issues to be litigated and therefore denied the respective pleadings. The matter proceeded to jury trial, at which appellants called Attorney Neuman who testified to most of the facts set forth above. Appellants rested without presenting additional witnesses.

{¶10} Appellees subsequently moved for a directed verdict, asserting appellants failed to establish appellees had any knowledge of the prior will until the will-contest trial in November 2014; and, furthermore, even after they became aware of the instrument, appellants failed to establish they had any control over the same. In response, appellants attorney admitted "[i]f this Court is not going to impute Mr. Neuman's knowledge to these two defendants here, then I agree with [defense counsel]. We cannot show that these two defendants knew of the existence of the April - - these two defendants knew of the existence of the April '13 will from June 9 of '14 to June 9 of

4

'15." Appellants' counsel nevertheless argued that if the court imputes knowledge, then appellees had the power to control the instrument by virtue of Attorney Neuman's status as appellees' agent. And, because they could have admitted the April will, irrespective of the appellate proceedings in the will-contest case, they had no reasonable cause to withhold the same.

{¶11} The trial court determined that appellants offered no authority, under these circumstances, to support an imputation of knowledge from Attorney Neuman to appellees. The court observed that, although knowledge of an attorney is imputed to his or her client, where, as here, the attorney gained the subject knowledge while representing a separate client, imputation did not apply. Thus, the trial court granted appellees' Civ.R. 50 motion for a directed verdict. Appellant now appeals and assigns two errors. Because the assignments of error present interrelated issues, we shall address them together. They state:

{¶12} "[1.] The trial court erred in denying plaintiffs' motion for summary judgment.

{¶13} "[2.] The trial court erred in granting defendants' motion for directed verdict at the conclusion of plaintiffs' case-in-chief."

{¶14} Under their assignments of error, appellants argue appellees had imputed knowledge of the prior will as soon as they retained Attorney Neuman. Moreover, appellants contend that, because Attorney Neuman was their agent, they had the ability to control the will. Finally, they contend appellees had no reasonable cause to withhold the will from probate during the pendency of the appeal of the successful will-contest action. We do not agree.

5

**{¶15}** An appellate court analyzes the denial of a motion for summary judgment under a de novo standard of review. *Doe v. Shaffer,* 90 Ohio St.3d 388, 390, (2000). Similarly, a motion for a directed verdict presents a question of law, and, as a result, we review the trial court's judgment on the motion de novo. *White v. Leimbach,* 131 Ohio St.3d 21, 2011-Ohio-6238, ¶ 22.

**{¶16}** In order to prevail under R.C. 2107.10(A), appellants were required to produce evidence that appellees: (1) knew of the existence of the April 2013 will for one year after the testator's death; (2) had the power to control the will; and (3) without reasonable cause, intentionally concealed or neglected to offer the will to probate within that year.

**{¶17}** Here, the decedent entrusted the prior will to Attorney Neuman in the course of the latter's representation of the former. And, it is undisputed that Attorney Neuman did not disclose the existence of the prior will until appellants' will-contest action went to trial. Because the decedent executed a later will, the prior will was presumptively superseded or revoked and Attorney Neuman would have had no reason to disclose the existence of the prior will before the will-contest proceedings. *See* R.C. 2107.33(A)(4) (a will is revoked by "some other written will or codicil, executed as prescribed by this chapter.") And simply because appellees retained Attorney Neuman after their father's passing is insufficient for the imputation of knowledge. Although Attorney Neuman's knowledge of the will had some ultimate impact on appellants, they can only be bound by or charged with knowledge of information received "in the course of or within the scope of his employment." *Nickschinksi v. Sentry Ins. Co.*, 88 Ohio App.3d 185, 193 (8th Dist.1993); *see also Jewell v. Underwood*, 2d Dist. Greene Co.

No. 2000-CA-61, 2000 WL 1867565, *4 (Dec. 22, 2000). Hence, "a client will not be affected by notice or knowledge of facts acquired by an attorney while acting on behalf of another client." *Gerl Constr. Co. v. Medina Cty. Bd. of Commrs.*, 24 Ohio App.3d 59, 66 (8th Dist.1985).

{¶18} Because Attorney Neuman acquired knowledge of the prior will while representing the decedent, prior to appellees retaining him, that knowledge was acquired outside the scope of Attorney Neuman's representation of appellees and cannot be imputed to them. All parties gained knowledge of the will during the November 2014 will-contest hearing and the prior will was probated within a year of the disclosure. On this basis alone, the trial court neither erred in denying appellant's motion for summary judgment nor erred in granting appellees' motion for directed verdict.

{¶19} For purposes of a comprehensive analysis, we shall address the remaining issues raised by appellants. With respect to the control prong of the statute, an attorney's duty to preserve a client's confidences survives the termination of the attorney-client relationship. *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 4 (1998). And, the attorney-client privilege does not cease upon the client's death. *Kelley v. Buckley*, 193 Ohio App.3d 11, 2011-Ohio-1362, ¶36 (8th Dist.). Attorney Neuman had a responsibility to maintain the decedent's confidence relating to the existence and his possession of the prior will. Attorney Neuman, not appellees, retained and had control over the will at the decedent's behest. Thus, even though Attorney Neuman was retained by appellees, appellees had no authority to direct Attorney Neuman's actions as they related to the prior will.

7

{¶20} Finally, even if appellants could establish the initial elements of the statute, appellees would have possessed reasonable cause to withhold admission of the prior will to probate because the validity of the August 2013 will was an issue on appeal with this court. Had appellees prevailed in that appeal, the August 2013 will would have been reinstated. Accordingly, appellees possessed a reasonable basis for withholding the admission of the prior will from probate.

{¶21} Appellants' assignments of error lack merit.

{¶22} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

8