[Cite as *Pirock v. Crain*, 2022-Ohio-3612.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| DEBRA PIROCK, et al., | **CASE NO. 2021-T-0060** |
| Plaintiffs-Appellants, | |
| - vs - | Civil Appeal from the Court of Common Pleas, Probate Division |
| FREDERICK CRAIN, et al., | |
| Defendants-Appellees. | Trial Court No. 2018 CVA 0039 |

**O P I N I O N**

Decided: October 11, 2022
Judgment: Affirmed in part and reversed in part; remanded

*David L. Engler*, Engler Law Firm, 181 Elm Road, N.E., Warren, OH 44483 (For Plaintiffs-Appellants).

*Thomas J. Wilson*, Comstock, Springer & Wilson Co., LPA, 100 Federal Plaza East, Suite 926, Youngstown, OH 44503 (For Defendant-Appellee, Frederick Crain).

*Bryan Crain*, pro se, 2878 Niles-Vienna Road, Niles, OH 44446 (Defendant-Appellee).


MARY JANE TRAPP, J.

{¶1} Appellants, Debra Pirock ("Ms. Pirock"), Jill Sferra ("Ms. Sferra"), Marcia McNelis ("Ms. McNelis"), and Thomas Crain ("Thomas") (collectively, the "plaintiffs"), appeal the October 27, 2021, judgment entry of the Trumbull County Court of Common Pleas, Probate Division, assessing damages of $2,038 against appellee Frederick Crain ("Frederick") and the court's December 2, 2021, judgment entry denying their request for attorney fees.

{¶2} The parties to this case are the six surviving children of Margaret Crain ("Margaret") and Ralph Crain ("Ralph"), who passed away, respectively, in 2013 and 2014. The underlying matter is the latest proceeding in a longstanding dispute between the plaintiffs, on one side, and Frederick and appellee Bryan Crain ("Bryan"), on the other side, involving their parents' estates. Specifically, the plaintiffs filed a concealment action alleging that Frederick and Bryan concealed assets from Ralph's estate, namely six lockboxes each containing $130,000 in cash and six white canvas bags each containing $366 in coins, for an aggregate amount of $782,196 in cash and coins.

{¶3} Following a jury trial, the jury issued general verdicts finding Bryan "not guilty" and Frederick "guilty" of concealing Ralph's assets. Following an evidentiary hearing, the trial court assessed damages of $2,038 against Frederick, plus the costs of the proceeding. This figure represented a 10% penalty on the sum of $20,379.80, which Frederick admittedly delivered to the special administrator of Ralph's estate a few months after Ralph's passing. Following an additional hearing, the trial court denied the plaintiffs' request for attorney fees based pursuant to the American rule.

{¶4} The plaintiffs assert four assignments of error, contending that the trial court erred (1) by nullifying the jury's verdict; (2) by awarding only "nominal damages"; (3) by closing Ralph's estate while their concealment action was pending; and (4) by failing to award them attorney fees.

{¶5} Upon a careful review of the record and the pertinent law, we find as follows:

{¶6} (1) The plaintiffs have not established that the trial court abused its discretion in assessing damages. As the trier of fact on the separate issue of damages, the trial court was permitted to weigh the evidence and determine credibility. In addition,

2

the jury's general verdict against Frederick did not establish the amount of money that Frederick wrongfully concealed.

{¶7} (2) The plaintiffs have not established that the factual findings underlying the trial court's damages award are against the manifest weight of the evidence. Since the plaintiffs have failed to provide this court with a transcript of the damages proceeding, there is no basis upon which we can make any determination concerning the weight of the evidence. In any event, competent, credible evidence in the existing record supports the trial court's findings.

{¶8} (3) Issues relating to the administration of Ralph's probate estate involve a separate proceeding and are not properly before us.

{¶9} (4) The trial court erred in its application of the American rule by failing to consider the applicability of the "bad faith" exception.

{¶10} Thus, we affirm the trial court's judgment of October 27, 2021. We reverse the trial court's judgment of December 2, 2021, and remand for the trial court to determine the applicability of the "bad faith" exception to the American rule.

## Substantive and Procedural History

{¶11} The Crain family is from Weathersfield Township in Trumbull County, Ohio. Ralph and Margaret had seven children born from 1950 through 1960: Thomas, Frederick, Marlys (who passed away in 1998), Bryan, Ms. McNelis, Ms. Sferra, and Ms. Pirock. For many years, Ralph and Margaret operated a farm and sold produce from a stand located on their property.

3

### Ralph's Alleged Cash/Coins

{¶12} This matter involves assets that Ralph allegedly owned prior to his death, namely six lockboxes each containing $130,000 in cash and six white canvas bags each containing $366 in coins. Some of the plaintiffs contended that they observed some of these items on separate occasions.

{¶13} According to Thomas, Margaret took him into Ralph's home office in November 2010 when Ralph was hospitalized for pneumonia. She showed Thomas six lockboxes located under Ralph's desk. She opened one, and they counted $130,000 in cash.

{¶14} According to Ms. McNelis, Ralph brought her into his home office in March 2011 and showed her six lockboxes. He opened one, and they counted $130,000 in cash. She also saw six canvas bags that purportedly contained silver coins.

{¶15} According to Ms. Sferra, she and her parents counted the money in three lockboxes in 2011, and they each contained $130,000 in cash. Ralph also showed her three white bags containing coins and told her there were six lockboxes and six bags for each of the Crain children. Ralph told her to count and roll the coins in one bag and bring it back, which she did. According to Ms. Sferra, the bag contained $366 in coins.

{¶16} By contrast, Frederick and Bryan denied ever observing or being informed about the alleged lockboxes of cash or the bags of coins. They did not believe that their father was able to earn that amount of money.

### Prior Proceedings

{¶17} Margaret died in June 2013 at age 89. The plaintiffs objected to the appointment of Ralph as the executor of her estate, alleging that he was not mentally

competent to serve. The trial court overruled the objection and appointed Ralph and Attorney Daniel Letson ("Attorney Letson") to serve as co-commissioners of Margaret's estate.

{¶18} The plaintiffs alleged that after Margaret's death, Frederick and Bryan isolated Ralph from the rest of his family and asserted control over his personal affairs. According to the plaintiffs, they saw their father infrequently in the last year of his life. When they did, it was under Attorney Letson's supervision. According to Frederick and Bryan, however, their father wanted limited contact with the plaintiffs.

{¶19} Ralph died on June 9, 2014, at age 91, following a brief hospitalization. The next day, Frederick and Ms. Sferra filed competing applications in the trial court to administer Ralph's estate. As a result, the trial court appointed Attorney David Shepherd ("Attorney Shepherd") as Special Administrator WWA.

{¶20} The plaintiffs filed a will-contest action, alleging that Frederick and Bryan had exerted undue influence over Ralph in changing his will to their exclusive benefit. The matter proceeded to a jury trial, where the jury entered a unanimous verdict in favor of the plaintiffs and invalidated Ralph's later will. The trial court entered judgment in the plaintiffs' favor. This court affirmed the trial court's judgment in *Sferra v. Shepherd*, 11th Dist. Trumbull No. 2014-T-0123, 2015-Ohio-2902.

{¶21} The plaintiffs filed a separate action seeking a declaration that Frederick and Bryan withheld Ralph's prior will in violation of R.C. 2107.10(A), which would require Frederick's and Bryan's disinheritance. The matter proceeded to a jury trial. Frederick and Bryan moved for a directed verdict, asserting that the plaintiffs failed to establish that they had knowledge of or control over Ralph's prior will. The trial court granted Frederick's

5

and Bryan's motion. This court affirmed the trial court's judgment in *McNelis v. Crain*, 2016-Ohio-8523, 78 N.E.3d 1237 (11th Dist.).

**{¶22}** Following his appointment, Attorney Shepherd inspected the farmhouse to secure apparent valuables. He did not locate any lockboxes of money in Ralph's office but later inventoried $727.37 in coins and $28.28 in Canadian coins. He also discovered a money market bank account containing $76,552.10.

**{¶23}** In late September 2014, i.e., over three months after Ralph's probate estate was opened, Frederick delivered to Attorney Shepherd four lockboxes, which were sealed with duct tape, and a white safe. According to Frederick, his father had given him the four lockboxes in May 2013 to store in the gun safe in his basement. Shortly before his passing, Ralph also gave him a metal filing cabinet and a white safe to store. Frederick delivered the four lockboxes and the safe to Attorney Shepherd. He did not deliver the metal filing cabinet because it contained only a notebook. Attorney Shepherd inventoried the contents and determined that the lockboxes contained $20,379.80 in cash and coins.

**{¶24}** The plaintiffs filed exceptions to the amended inventory and appraisal that Attorney Shepherd filed in Ralph's estate, alleging that approximately $760,000 in cash was missing. Following an evidentiary hearing, the trial court issued a judgment entry dismissing the exceptions. This court affirmed the trial court's judgment in *In re Estate of Crain*, 11th Dist. Trumbull No. 2016-T-0017, 2017-Ohio-2724. We found that the plaintiffs had failed to carry their burden, by clear and convincing evidence, that such assets existed at the time of Ralph's death and should have been included in the amended inventory. *Id.* at ¶ 24. We noted that if the plaintiffs believed Frederick and Bryan had

6

taken the alleged cash, they could have filed a concealment action pursuant to R.C. 2109.50. *Id.* at ¶ 23.

### *Concealment Action*

{¶25} The plaintiffs subsequently filed a complaint with a jury demand pursuant to R.C. 2109.50, alleging that Frederick and Bryan converted and concealed numerous items of Ralph's personal property, including the six lockboxes of cash and the six bags of coins. The trial court issued writs of citation to Frederick and Bryan requiring them to appear for a jury trial.

{¶26} Prior to the start of the jury trial, the trial court held hearings on Frederick's pretrial motions, including his motion in limine and motion to dismiss. The trial court filed a judgment entry granting Frederick's motions and dismissing the matter. Shortly thereafter, the trial court approved the final account in Ralph's estate and discharged the fiduciary.

{¶27} The plaintiffs appealed the trial court's dismissal of their concealment action. We reversed the trial court's judgment and remanded for further proceedings in *Pirock v. Crain*, 2020-Ohio-869, 152 N.E.3d 842 (11th Dist.), *appeal not accepted*, 159 Ohio St.3d 1465, 2020-Ohio-3882, 150 N.E.3d 112.

{¶28} On remand, the matter was tried to a jury over three days in August 2021. Each of the parties testified, and both sides presented documentary evidence.[1] Following deliberations, the jury issued a unanimous verdict finding Bryan "not guilty of concealing

---

1. Shortly before trial, the plaintiffs filed a motion to continue the jury trial or, alternatively, to hold an emergency status hearing based on COVID-19 and because the court-appointed investigator had not filed a report. The plaintiffs also filed in a petition for a writ prohibition in this court on the similar grounds, along with a motion to stay proceedings. *See State ex rel. Pirock v. Swift*, 11th Dist. Trumbull No. 2021-T-0039. We denied the plaintiffs' motion to stay proceedings and issued an alternative writ. Thereafter, the trial court denied the plaintiffs' motion to continue, and we granted the plaintiffs' request to dismiss their petition.

Case No. 2021-T-0060

assets belonging to Ralph A. Crain" and a 7-to-1 verdict finding Frederick "guilty of concealing assets belonging to Ralph A. Crain." The trial court filed a judgment entry rendering judgment on the jury's verdicts.

{¶29} The trial court held an evidentiary hearing on damages. There is no transcript of the proceeding in the record before us. On October 27, 2021, the trial court filed a judgment entry. The trial court stated that pursuant to R.C. 2109.52, it was required to review the plaintiffs' evidence in order to identify the concealed asset, determine its value, and assess damages accordingly. After summarizing the parties' evidence, the trial court found that the plaintiffs failed to prove by a preponderance of the evidence that the sum of $782,196 belonged to Ralph at the time of his death. Rather, Frederick was found guilty because he possessed Ralph's lockboxes and safe before he turned them over to Attorney Shepherd in September 2014, which contained $20,379.80.

{¶30} The trial court assessed damages of $2,038 against Frederick and in favor of the state of Ohio, which represented a 10% penalty on the amount Frederick turned over to Attorney Shepherd, plus the costs of the proceeding. It ordered Frederick to issue a certified check payable to the county treasurer to compensate the county prosecutor and sheriff for their services in the matter. Shortly thereafter, Frederick filed a notice indicating that he paid the judgment as ordered.

{¶31} The trial court held a separate evidentiary hearing on the plaintiffs' request for attorney fees. There is also no transcript of that proceeding in the record before us. On December 2, 2021, the trial court filed a judgment entry denying the plaintiffs' request. The trial court determined that R.C. 2113.36, which permits the payment of reasonable attorney fees in the administration of an estate, was not applicable because Ralph's

8

estate was closed and because the fiduciary was discharged. The court ruled that the American rule barred the plaintiffs' request for attorney fees.

**{¶32}** The plaintiffs appealed the trial court's judgment entries and present the following four assignments of error:

**{¶33}** "[1.] The trial court's award of nominal damages improperly nullified the jury's verdict.

**{¶34}** "[2.] The trial court abused its discretion in awarding only nominal damages.

**{¶35}** "[3.] The trial court should not have closed the Estate of Ralph Crain.

**{¶36}** "[4.] The trial court should have awarded appellants legal fees."

## Verdict Nullification

**{¶37}** In their first assignment of error, the plaintiffs contend that the trial court erred by "nullifying" the jury's verdict.

**{¶38}** We review a trial court's assessment of damages for an abuse of discretion. *In re Estate of Pizzoferrato*, 190 Ohio App.3d 123, 2010-Ohio-4848, 940 N.E.2d 1018, ¶ 37 (7th Dist.); *see Roberts v. United States Fid. & Guar. Co.*, 75 Ohio St.3d 630, 634, 665 N.E.2d 664 (1996) ("We will not disturb a decision of the trial court as to a determination of damages absent an abuse of discretion"). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

**{¶39}** The plaintiffs first assert that a trial court may only weigh evidence when deciding a motion for judgment notwithstanding the verdict or a motion for a new trial,

9

which Frederick did not file. In support, the plaintiffs cite the Supreme Court of Ohio's decision in *Rohde v. Farmer*, 23 Ohio St.2d 82, 262 N.E.2d 685 (1970).

{¶40} *Rohde* does not stand for this proposition. In that case, the Supreme Court of Ohio held that "in ruling on a motion for new trial upon the basis of a claim that the judgment 'is not sustained by sufficient evidence' [under former R.C. 2321.17(F)], the court must weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence." *Id.* at paragraph three of the syllabus. The Supreme Court did not state that this was the only circumstance under which a trial court was permitted to weigh evidence.

{¶41} Further, the plaintiffs' assertion is not a correct statement of the law in the present context. R.C. 2109.52 provides, in relevant part, "When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine, *by the verdict of a jury if either party requires it * * *,* whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, personal property, or choses in action of the estate, testamentary trust, or guardianship. *If the person is found guilty, the probate court shall assess the amount of damages to be recovered* or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind." (Emphasis added.)

{¶42} While a concealment action under R.C. 2109.50 is quasi-criminal, it is controlled by the laws governing civil proceedings in the probate court. *Pirock*, *supra*, at ¶ 65. Here, the trial court held a separate hearing on damages and heard additional

10

evidence.  In essence, it held a bench trial on damages.  *See* Civ.R. 42(B) (authorizing "a separate trial of one or more separate issues").  In such a situation, the court is a trier of fact and must weigh evidence and determine credibility.  *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus ("On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts").

{¶43}  The plaintiffs next assert that the manifest weight of the evidence produced at trial indicates that the jury concluded Frederick was guilty of concealing $780,000 in cash and $2,196 in coins.  According to the plaintiffs, the trial court was subject to the following "maxim" set forth in this court's decision in *Francosky v. Customized Vinyl Sales*, 2019-Ohio-2172, 137 N.E.3d 542 (11th Dist.):

{¶44}  "We must make "'every reasonable presumption * * * in favor of the judgment and the finding of facts.'"  *[Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 21], quoting *Seasons Coal Co.[, Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3].  '"If the evidence is susceptible of more than one construction,'" we are '"bound to give it that interpretation which is consistent with the * * * judgment [and] most favorable to sustaining the * * * judgment.'"  *Eastley* [at ¶ 21], quoting *Seasons Coal Co.* [at 80, fn. 3]."  *Id.* at ¶ 18.

{¶45}  The plaintiffs' reliance on *Francosky* is misplaced.  The quoted portion of *Francosky* sets forth a reviewing court's standard of review when a party to an appeal contends that the trial court's judgment is contrary to the weight of the evidence.  *See id.* at ¶ 13-17.  It does not address a trial court's obligations when construing a jury's verdict.  Here, the jury issued a general verdict finding Frederick "guilty of concealing *assets*

11

*belonging to Ralph A. Crain.*" (Emphasis added.) There were no interrogatories requested or submitted to the jury, much less answers compelling the conclusion that Frederick concealed $780,000 in cash and $2,196 in coins.

**{¶46}** Further, this court has held that "'"[t]he legal effect of the action of a jury depends not alone upon the exact language of the verdict. The circumstances under which the verdict was returned, and particularly the charge of the court, must be taken into consideration."'" *Chef Italiano Corp. v. Kent State Univ.*, 11th Dist. Portage No. 91-P-2308, 1992 WL 192005, *8 (Feb. 21, 1992), quoting *Estridge v. Cincinnati St. Ry. Co.*, 76 Ohio App. 220, 227, 63 N.E.2d 823 (1st Dist.1945), quoting *Dow Drug Co. v. Nieman,* 57 Ohio App. 190, 195, 13 N.E.2d 130 (1st Dist.1936).

**{¶47}** The trial court instructed the jury, in relevant part:

**{¶48}** "The Plaintiff [sic] brought this civil action claiming that Defendants Frederick Crain and Bryan Crain are in wrongful possession of *money* belonging to Ralph A. Crain. Before you can find for the Plaintiffs, you must find by the greater weight of the evidence that, one, *the money* was owned by Ralph A. Crain; and number two, the Defendants Frederick Crain and Bryan Crain, acting individually or together, obtained *the money* and held *the money* in their possession and that their conduct individually or together was knowingly wrongful. * * * If you find that Plaintiffs proved by a greater weight of evidence both elements of their claim, your verdict must be guilty. If you find that Plaintiffs have failed to prove either element of the claim, your verdict must be not guilty." (Emphasis added.)

Case No. 2021-T-0060

{¶49} Thus, while the jury instructions referenced the "wrongful possession" of Ralph's "money," they did not specify the amount of "money" alleged to have been wrongfully possessed.

{¶50} Accordingly, the plaintiffs have not established that the trial court abused its discretion in assessing damages. The plaintiffs' first assignment of error is without merit.

### Manifest Weight of the Evidence

{¶51} In their second assignment of error, the plaintiffs contend that the evidence does not support the trial court's factual findings that Ralph did not own $782,196 at the time of his death and that Frederick wrongfully concealed $20,379.80 in cash and coins.

{¶52} We construe the plaintiffs' second assigned error as challenging the manifest weight of the evidence. When applying the manifest-weight-of-the-evidence standard of review, "'[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶53} "[W]hen reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24. "'[E]very reasonable presumption must be made in favor of the judgment and the finding of facts. * * * If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the * * * judgment * *

13

*.'" *Seasons Coal Co.*, *supra*, at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191-192 (1978).

**{¶54}** "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

**{¶55}** Notably, the plaintiffs' argument is based on the evidence produced *at the jury trial*. However, the trial court held a separate evidentiary hearing on damages, at which the parties presented additional testimony. The plaintiffs did not provide a transcript of that proceeding for this appeal.

**{¶56}** The Supreme Court of Ohio has stated that "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). This principle is recognized in App.R. 9(B)(1), which provides that "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App. R. 9(B)(6)." Further, App.R. 9(B)(4) expressly provides that "[i]f the appellant intends to present an assignment of error on appeal that a finding or conclusion is *unsupported by the evidence or is contrary to the weight of the evidence*, the appellant shall include in the record a transcript of proceedings that includes *all evidence relevant to the findings or conclusion.*" (Emphasis added.) Thus, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing

14

Case No. 2021-T-0060

court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp* at 199.

{¶57} Since the plaintiffs have failed to provide this court with a complete transcript of the trial court proceedings, there is no basis upon which we can make any determination concerning the weight of the evidence. *See Mason v. Byrd*, 11th Dist. Trumbull No. 3583, 1986 WL 3211, *3 (Mar. 14, 1986). For that reason alone, the plaintiffs' second assignment of error is without merit.

{¶58} Even if we review only the existing record, however, there is competent, credible evidence supporting the trial court's findings. For instance, competent, credible evidence supports the trial court's finding that Ralph did not own $782,196 at the time of his death. Some of the plaintiffs testified about seeing some of the six lockboxes and six bags; however, they purportedly saw these items years, not months, before Ralph's death, and none of them saw or counted $780,000 in cash or $2,196 in coins. In addition, the testimony established that the farm stand business was the main source of Ralph's and Margaret's income for many years; however, Ralph's income tax returns showed income of less than $10,000 per year from that business.

{¶59} In addition, competent, credible evidence supports the trial court's finding that Frederick wrongfully concealed $20,379.80 in cash and coins. While the plaintiffs alleged that Frederick and Bryan took possession of $782,196 and divided it between them, the jury found Bryan not guilty of concealment. One difference in the presentation of evidence against them was that Frederick retained possession of Ralph's lockboxes and safe for a period of time before delivering them to Attorney Shepherd. Despite their

15

Case No. 2021-T-0060

contentions on appeal, the plaintiffs repeatedly suggested at trial that Frederick's retention was improper, as exemplified in the following testimony:

{¶60} "[PLAINTIFFS' COUNSEL]: But certainly by June 27, 2014, 17 days after [Ralph]'s passing, no boxes of any type are presented to you by that time, correct?

{¶61} "[ATTORNEY SHEPHERD]: That's correct.

{¶62} "[PLAINTIFFS' COUNSEL]: In fact, it takes all the way till September 26 of 2014 before Frederick says, 'I have boxes,' or brings you boxes, correct?

{¶63} "[ATTORNEY SHEPHERD]: I think that's accurate, yes.

{¶64} "[PLAINTIFFS' COUNSEL]: So we go June, July, August, September. Three and a half months or so goes by before you actually get the boxes, correct?

{¶65} "[ATTORNEY SHEPHERD]: Correct."

{¶66} Accordingly, the plaintiffs have not established that the trial court's findings are against the manifest weight of the evidence.

{¶67} The plaintiffs' second assignment of error is without merit. The trial court's October 27, 2021, judgment is affirmed.

### Closing of Ralph's Estate

{¶68} In their third assignment of error, the plaintiffs contend that the trial court abused its discretion by closing Ralph's estate while their concealment action was pending. They argue that R.C. 2109.35 authorizes a probate court to vacate an order settling a fiduciary's account based on fraud.

{¶69} The plaintiffs' argument relates to the administration of Ralph's probate estate, which is a separate proceeding. The plaintiffs did not reference the estate's case number in their notice of appeal or indicate that it was appealing a final judgment or order

16

from that case. *See* App.R. 3(D) ("The notice of appeal * * * shall designate the judgment, order or part thereof apealed from"). Pursuant to App.R. 12(A)(1)(a), our authority is limited to reviewing "the judgment[s] or final order[s] appealed," which are the trial court's October and December 2021 judgment entries in the underlying concealment action.

**{¶70}** We further note that during the pendency of this appeal, the plaintiffs filed a separate appeal relating to the trial court's denial of their request to reopen Ralph's probate estate, which is before us in *In re Estate of Crain*, 11th Dist. Trumbull No. 2022-T-0053. Accordingly, the plaintiffs' third assignment of error is not properly before us.

**{¶71}** The plaintiffs' third assignment of error is dismissed.

### Attorney Fees

**{¶72}** In their fourth assignment of error, the plaintiffs contend that they were entitled to an award of attorney fees.

**{¶73}** An award of attorney fees is generally reviewed for an abuse of discretion, but when a case presents a legal issue regarding the availability of attorney fees, appellate review is de novo. *Shamrock v. Cobra Resources, LLC,* 2022-Ohio-1998, 191 N.E.3d 1197, ¶ 114 (11th Dist.).

**{¶74}** "Ohio has long adhered to the 'American rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. "However, there are exceptions to this rule." *Id.* "Attorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees, * * * or when the prevailing party demonstrates bad faith on the part of the unsuccessful litigant * * *." *Id.*

17

Case No. 2021-T-0060

{¶75} Here, the trial court considered whether the plaintiffs were entitled to attorney fees pursuant to R.C. 2113.36, which provides, in part, that "[i]f an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration." *See also In re Estate of Murray*, 11th Dist. Trumbull No. 2004-T-0030, 2005-Ohio-1892, ¶ 20. The trial court determined that this statute was inapplicable; therefore, the American rule barred the plaintiffs' request.

{¶76} We agree that R.C. 2113.36 was inapplicable. The plaintiffs' attorney was not employed by the executor or administrator of Ralph's estate or to administer Ralph's estate. However, this does not end the inquiry. This court has held that "'the probate court's finding that [a defendant] was "guilty of concealment of estate assets" is tantamount to a finding that [the defendant] acted in bad faith and/or for oppressive reasons in concealing the assets,' so that such a finding gives 'the probate court the authority to order him to pay the attorney fees associated with prosecution of the case.'" *Apergis v. Boccia*, 11th Dist. Trumbull No. 2009-T-0079, 2010-Ohio-2954, ¶ 30, quoting *In re Estate of Toth*, 5th Dist. Stark No. CA-9312, 1993 WL 500347, *1 (Nov. 29, 1993). *Accord Ward v. Patrizi*, 11th Dist. Geauga No. 2010-G-2994, 2011-Ohio-5100, ¶ 50-52.

{¶77} Despite the trial court's legal error, we decline to determine the applicability of the "bad faith" exception to the facts and circumstances of the underlying matter in the first instance.

{¶78} The plaintiffs' fourth assignment of error has merit, and we reverse the trial court's December 2, 2021, judgment. We remand for the trial court to determine the applicability of the "bad faith" exception to the American rule.

18

Case No. 2021-T-0060

**{¶79}** For the foregoing reasons, the trial court's October 27, 2021, judgment is affirmed; the trial court's December 2, 2021, judgment is reversed; and this matter is remanded for further proceedings consistent with this opinion.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.