[Cite as *Sassya v. Morgan*, 2024-Ohio-1344.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| LEBY SASSYA,<br><br>        Plaintiff-Appellee,<br><br>    - v -<br><br>CAROL LYNNE MORGAN<br>(f.k.a. SASSYA),<br><br>        Defendant-Appellant. | CASE NO. 2023-T-0048<br><br>Civil Appeal from the<br>Court of Common Pleas,<br>Domestic Relations Division<br><br><br>Trial Court No. 2011 DS 00293 |

**O P I N I O N**

Decided: April 9, 2024
Judgment: Affirmed

*Elise M. Burkey*, Burkey, Burkey & Scher Co., L.P.A., 200 Chestnut Avenue, N.E., Warren, OH 44483 (For Plaintiff-Appellee).

*Carol Lynne Morgan*, pro se, 878 Indianola Road, Boardman, OH 44512 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Carol Lynne Morgan f.k.a. Sassya, appeals the Judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, granting plaintiff-appellee, Leby Sassya's, Motion to Modify Order of October 24, 2017. For the following reasons, we affirm the decision of the court below.

{¶2} On August 30, 2011, the parties jointly filed a Petition for Dissolution of their marriage. The matter was subsequently converted to an action for divorce. On July 11, 2013, a Decree of Divorce was issued and, on December 19, 2014, a Judgment Order

was issued finalizing the division of property. *See Sassya v. Morgan*, 2014-Ohio-3278, 17 N.E.3d 104 (11th Dist.), and *Sassya v. Morgan*, 11th Dist. Trumbull No. 2015-T-0026, 2018-Ohio-3445.

{¶3} On January 5, 2017, Sassya filed a Motion for Reallocation of Parental Rights. On August 11, 2017, a Magistrate's Decision was issued and adopted by the domestic relations court designating Sassya as the residential parent and legal custodian of the parties' minor children. Morgan filed objections which were ultimately overruled. *Sassya v. Morgan*, 11th Dist. Trumbull No. 2018-T-0013, 2019-Ohio-1301.

{¶4} On October 24, 2017, while Morgan's Objections to the Magistrate's Decision remained pending, she filed a Motion for Ex Parte Emergency Order. Morgan moved the domestic relations court for "an emergency, ex parte order preventing either party from removing the minor children in this case from the United States of America," based on her "fear that Father will remove the minor children [in] this matter to Lebanon and refuse to return."

{¶5} On the same day, a Magistrate's Order was issued "that neither party to this action [shall] remove any of their minor children from the continental United States of America, without prior court approval."

{¶6} On April 24, 2023, Sassya filed a Motion to Modify Order of October 24, 2017. Sassya requested permission: "to travel with the children outside of the continental United States for reasonable travel," in particular, "to take the children on a vacation to Lebanon, where he was born and where his elderly parents reside." Sassya also sought permission "to obtain passports for the minor children, in that he has attempted to obtain

passports, but because Defendant has contacted the State Department, he is unable to do so."

{¶7} On June 5, 2023, Morgan filed a Motion to Dismiss Sassya's Motion to Modify Order of October 24, 2017.

{¶8} On June 6, 2023, a hearing was held on the pending Motions. At the conclusion of the hearing, the domestic relations court ruled:

> The Court will modify the prior language of the magistrate's order. Both parties shall hereafter have the right to take the children [ages thirteen and sixteen at the time of hearing] outside of the United States, continental United States. Whether or not any specific, particular place that they will go or be taken is in their best interests, is for the Court's future determination if requested. At this point I am allowing both of you to take the children out of the country if you so desire. With, specifically, as to Mr. Sassya's request * * * to take the children to Lebanon, I will trust his judgment as to whether or not at a particular time of the year or a particular month of the year is more appropriate than others, I will trust his judgment as to that. I have no fears based on the testimony here today that he has any current intentions of taking the children to Lebanon and not bringing them back. Based on my interview with the children, they don't have any fears that they will not be returned to the United States. Mr. Sassya, I trust your good judgment to determine when and if you should take the children to Lebanon.

{¶9} On June 14, 2023, the domestic relations court issued a written ruling, which noted the following:

> The duly appointed Guardian Ad Litem testified that he interviewed the children and they all desire to visit their grandparents in Lebanon while the grandparents are still alive. The Guardian Ad Litem testified that he has no concerns that [Sassya] would not return all the children to the United States after visiting Lebanon because [Sassya] owns his home in the United States valued at about $180,000.00, subject to zero debts and also because he has been employed with First Energy for the past 15 years. [Sassya] also testified that he recently purchased property in Pennsylvania in excess of $100,000.00, with intentions of developing the property to provide a better future for all his children. The Guardian Ad Litem testified that based on his contacts with the children and all his

3

involvement in this case for the past several years he believes that [Morgan]'s concerns that [Sassya] would not return the children to the United States if permitted to go to Lebanon lacks [sic] merit.

{¶10} On July 11, 2023, Morgan filed a Notice of Appeal. On appeal, she raises the following assignments of error:

> [1.] The trial court erred, and abused its discretion, when it ruled against the manifest weight of the evidence and ordered that the October 24, 2017 standing court order to be modified so that appellee could take the parties[']s minor children to the country of Lebanon while fully ignoring the extreme danger and risks to the minor children.
>
> [2.] The trial court erred and abused its discretion when it has repeatedly deprived appellant of her First, Fifth, Ninth, and Fourteenth Amendment substantive constitutionally protected right to parent her children which infringed upon her right to have her say as to whether the minor children would be issued passports in order to remove the minor children from the continental United States by appellee.
>
> [3.] The trial court erred, abused its discretion, and violated appellant's First, Fifth, Ninth, and Fourteenth Amendment substantive constitutionally protected right to contract, and her protected right to parent her children.
>
> [4.] The trial court erred and abused its power, authority, and discretion when it ignored the Ohio Supreme Court's rules and guidelines for retired visiting judges when it allowed the retired visiting judge to remain on the many different and separate cases, unrelated to his original assignment, while it lacked jurisdiction over appellant.

{¶11} A trial court's decision regarding custodial issues is reviewed under an abuse of discretion standard. *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). "In proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important." *Trickey v. Trickey*, 158 Ohio St. 9, 13, 106 N.E.2d 772 (1952). "The knowledge obtained through contact with and

4

Case No. 2023-T-0048

observation of the parties and through independent investigation can not be conveyed to a reviewing court by printed record." *Id.*

**{¶12}** In her first assignment of error, Morgan argues that "[t]he trial court cannot sua sponte vacate its prior orders without a finding of fraud or lack of jurisdiction." Brief of Appellant at 30, citing *Dickerson v. Cleveland Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 96726, 2011-Ohio-6437, ¶ 7 ("as a general rule, a trial court has no authority to vacate or modify its final orders sua sponte"). The general rule does not apply in the present circumstances. "A court having jurisdiction over the parties to render judgments in respect to divorce and alimony and custody and support of minor children of divorced parties retains continuing jurisdiction over matters relating to the custody, care and support of such children, and such continuing jurisdiction is retained regardless of any express reservation in the original decree." *Van Divort v. Van Divort*, 165 Ohio St. 141, 134 N.E.2d 715 (1956), paragraph one of the syllabus. "Under Civ.R. 75[(J)], the continuing jurisdiction of a court that issues a domestic relations decree 'may be invoked by the filing of any motion by a party.'" (Citation omitted.) *State ex rel. Soukup v. Celebrezze*, 83 Ohio St.3d 549, 551, 700 N.E.2d 1278 (1998).

**{¶13}** Morgan also argues under this assignment of error that the lower court abused its discretion by allowing the children to travel to Lebanon given that "Lebanon is an extremely violent and unstable Country." Brief of Appellant at 29. We find no abuse of discretion. The domestic relations court modified the October 24, 2017 Magistrate's Order "to permit the parties of this action to travel with the parties' minor children outside the continental United States." At the time of the hearing, the children did not have passports or any definite plans to travel to Lebanon or any other destination outside the

5

continental United States. Should such plans become definite, the court indicated that, if requested, it would determine whether such travel would be in their best interests. Moreover, we note that the original Order preventing Sassya from removing his children from the continental United States of America without prior court approval was based on fears that he would not return the children, not concerns about the dangers of travel to Lebanon. We further note that the original Order was issued without evidence being submitted to justify its issuance and without the opportunity for Sassya to oppose its issuance.

{¶14} The first assignment of error is without merit.

{¶15} In the second and third assignments of error, Morgan complains that "[t]he retired visiting judge has bestowed Appellee with the decision making as to whether Carol [Morgan] gets to see her children or not, he has put full control over Carol's parenting time in the hands of Appellee who has denied Carol her parenting time for over (6) years." Brief of Appellant at 31. She also argues that, by vacating the June 13, 2012 Dissolution and Separation Agreement, the lower court violated her right to contract. Brief of Appellant at 32. These issues are not presently before this Court. A court of appeals is mandated to "[r]eview and affirm, modify, or reverse the judgment or final order appealed." App.R. 12(A)(1)(a). It follows, then, that "our authority is limited to reviewing 'the judgment[s] or final order[s] appealed.'" *Pirock v. Crain*, 2022-Ohio-3612, 198 N.E.3d 996, ¶ 69 (11th Dist.), citing App.R. 12(A)(1)(a); *State v. Leone*, 8th Dist. Cuyahoga No. 94275, 2010-Ohio-5358, ¶ 10. The domestic relations court's June 14, 2023 Judgment Entry did not address Morgan's custody of or visitation with the minor children or the

6

Dissolution and Separation Agreement. Therefore, this Court is without authority to consider them.

{¶16} The second and third assignments of error are without merit.

{¶17} In the fourth assignment of error, Morgan argues, on various grounds, that the "retired visiting judge lacks jurisdiction over Carol" and "has overstayed his (30) day 'temporary assignment for (5 1/2) years.'" Brief of Appellant at 33. The Supreme Court of Ohio, in *In re Disqualification of Giulitto*, 166 Ohio St.3d 1233, 2022-Ohio-749, 185 N.E.3d 1130, confirmed that the retired visiting "judge has authority to continue presiding over the matter" and rejected Morgan's arguments that he should be disqualified on the grounds of bias. *Id.* at ¶ 3, 5, and 6. "Since only the Chief Justice [of the Ohio Supreme Court] or his designee may hear disqualification matters, the Court of Appeals [is] without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978).

{¶18} The fourth assignment of error is without merit.

{¶19} For the foregoing reasons, the Judgment of the domestic relations court, granting Sassya's Motion to Modify Order of October 24, 2017, is affirmed. Costs to be taxed against the appellant.

EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2023-T-0048